### UNDERWOOD TYPEWRITER CO. v. NACOGDOCHES COUNTY.

#### No. 2066.

Court of Civil Appeals of Texas. Beaumont.
March 27, 1931.

Rehearing Denied April 8, 1931.

Adams & McAlister, of Nacogdoches, for appellant.

F. P. Marshall, of Nacogdoches, for appellee.

WALKER, J.

This suit was filed in the district court of Nacogdoches county by appellant against appellee to recover the sum of $107.50, the price of a typewriter sold by it to R. M. Pace, district clerk of Nacogdoches county. The following is a verbatim copy of appellant's petition:

"State of Texas, County of Nacogdoches
"In the district court of Nacogdoches County, Texas

"To the Honorable J. W. Bates, Judge of said Court:

"Now comes the Underwood Typewriter Company, Incorporated, hereinafter styled plaintiff, complaining of Nacogdoches County, hereinafter styled defendant, and for cause of action would respectfully represent and show unto the court as follows:

"1. That the Underwood Typewriter Company is a private corporation existing under and by virtue of the laws of the State of Texas, with a permit and privilege to do business in said State, and that the defendant, Nacogdoches County, is a municipal corporation existing under and by virtue of the laws of the State of Texas, with F. P. Marshall, County Judge, upon whom service may be had.

"2. That heretofore, to wit, on the 19th day of April, A. D. 1929, plaintiff, at the special instance and request of the defendant, Nacogdoches County, acting by and through R. M. Pace, its duly elected and qualified district clerk, sold to said Nacogdoches County and delivered to the said R. M. Pace, district clerk, certain goods, wares and merchandise, to wit, One Underwood Typewriter, type Pica, Model 3—12, Number 813,046, in consideration whereof the defendant then and there promised plaintiff to pay it the sum of $107.50, payable 60 days from date, with interest thereon at the rate of 6% per annum from the 19th day of June, 1929.

"3. That the said R. M. Pace is and was at the time of purchasing the said typewriter, as aforesaid, the duly elected and qualified district clerk of Nacogdoches County, Texas, as hereinbefore stated, and that said typewriter so sold to the said Nacogdoches County by and through R. M. Pace was necessary office furniture for his offices; that in truth and in fact said District Clerk's office could not possibly be run without the use of a typewriter of some character, and that the typewriter so sold was and is an essential and necessary piece of office furniture.

"4. That upon the due date of said account plaintiff presented it to the said Nacogdoches County and the same was by the said Nacogdoches County, acting by and through its Commissioners' Court, rejected on April 14, 1930, said claim being numbered 2420 on Docket Q, page 346, of the Commissioners' Court docket, and that said Nacogdoches County, acting by and through its duly elected and qualified County Judge and Commissioners, constituting the Commissioners' Court, rejected the claim, as aforesaid, and still refuses and fails to pay the same; that said order of Commissioners' Court is still a binding, outstanding and subsisting judgment, and this Court has jurisdiction of the case by virtue of its appellate jurisdiction over the Commissioners' Court; that said account is long past due and unpaid and plaintiff asks for 6% interest as special damages from the due date thereof until paid.

"Wherefore, plaintiff prays that it have its bill of review setting aside and annulling the order of the Commissioners' Court rejecting its claim and that defendant be cited to appear and answer this petition; that it have judgment for its debt, together with interest at the rate of 6% per annum from the 19th day of June, 1929, and all costs of suit, and for such other and further relief to which it may be entitled, etc."

The trial court sustained appellee's plea to the jurisdiction against this petition and dismissed the suit. From that judgment appellant has duly prosecuted its appeal to this court.

Opinion.

Appellant takes the position that its petition, as copied above, was in the nature of an appeal from the judgment of the commissioners' court, refusing and denying its claim, and therefore that the attack made by it upon the judgment of the commissioners' court was direct and not collateral and that its action came within the appellate jurisdic-

tion of the district court under section 8 of article 5 of the Constitution, which provides, in part, that:

"The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law."

While there has been no legislation making provision for the exercise of the appellate jurisdiction conferred upon the district courts by section 8 of article 5, as it relates to this character of case, it was said in Callaghan, County Judge v. Salliway, 5 Tex. Civ. App. 239, 23 S. W. 837, 838, that to constitute an appeal the "jurisdiction of the district court must be invoked in the proper manner, by an appropriate proceeding." In School Trustees v. Farmer, 23 Tex. Civ. App. 39, 56 S. W. 555, 556, Mr. Chief Justice Garrett writing the opinion, it was said that the jurisdiction of the district court might "be invoked by certiorari." In proceedings of this character it was said by the San Antonio court in Fox v. Cameron County (Tex. Civ. App.) 257 S. W. 1111, 1114, that the appellate jurisdiction of the district court could be invoked by certiorari proceedings and "in such proceeding only could the judgment of the commissioners' court be questioned." In Davisson v. Eastland County (Tex. Civ. App.) 6 S.W.(2d) 782, 787, similar allegations to these before us were made against certain orders of the commissioners' court. Construing those orders the court said:

"While it is true that article 5, § 8, of our Constitution, gives the district court appellate jurisdiction over commissioners' courts, this suit is not in the nature of an appeal."

Under these authorities we think that appellant's petition constituted an original proceeding in the district court, of which it had no jurisdiction because of the amount involved, and was not an appeal from the judgment of the commissioners' court denying and refusing its claim. To constitute such an appeal, in a proceeding of this character, it was necessary not only that appellant allege all the facts contained in its petition, but there should have been appropriate allegations and a prayer for certiorari. The petition should then have been presented to the district judge, whose duty it would have been, under the Constitution, to grant the writ and in granting it to require appellant, if within his judgment it was necessary, to execute a proper bond, as in cases of ordinary appeal. Upon the execution of the writ a transcript of the proceedings of the commissioners' court would have been made out and filed in the district court. Such a proceeding would have constituted an appeal, within the meaning of the Constitution, under which the dis-

trict court would have had jurisdiction to try appellant's cause of action.

In making this holding, we are aware of the holding of the Supreme Court in Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162, 1165, where Judge Phillips said that the supervisory control of the district courts over commissioners' courts may be exercised through the equitable jurisdiction of the district courts. In that case an injunction was issued against the commissioners' court restraining it from enforcing its orders. Of this injunction, as it related to the jurisdiction of the district court under article 5, section 8, it was said:

"Power of the District Court to supervise the proceedings of the Commissioners' Court here involved gave the injunction suit the character of a direct attack upon those proceedings rather than a collateral one."

But for the injunction, the attack in that suit would have been collateral, as was appellant's attack in the case before us.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.