586

HARRIS COUNTY TAX ASSESSOR–COL-
LECTOR et al. v. REED et al.
No. 9820.

·Court of Civil Appeals of Texas.  Austin.
Dec. 7, 1949.

Rehearing Denied Jan. 4, 1950.

A. C. Winborn, Criminal Dist. Atty., and W. K. Richardson, Asst. Criminal Dist. Atty., of Houston, E. A. Knipp, of Houston, for appellants.

Ladin & Lieberman, of Houston, Dan Moody, Mac Umstattd, J. B. Robertson, all of Austin, for Texas Automotive Dealers Assn.

Price Daniel, Atty. Gen. of Texas, Dean J. Capp, Asst. Atty. Gen., for State Highway Department and Members of the State Highway Commission.

GRAY, Justice.

This cause was before this court in an appeal from a judgment overruling a plea of privilege filed by appellant Carl S. Smith. See Harris County Tax Assessor-Collector v. Reed et al., 210 S.W.2d 852.

The suit was brought as a class suit under Rule 42, Texas Rules of Civil Procedure, and is against Carl S. Smith, Tax Assessor-Collector of Harris County, Texas, the Texas Highway Department, the State Engineer, and the State Highway Commission. Various parties intervened and aligned themselves with the plaintiffs in the trial court and are so aligned here as appellees.

Appellees are dealers in used motor vehicles in Harris County, Texas, and say, as dealers in such vehicles, they are exempt under the provisions of House Bill 75 from the payment of the fees and penalties demanded by appellant Smith, that he is acting unlawfully in demanding of them the payment of such fees and penalties, and pray for a declaratory judgment and injunction.

The trial court entered judgment, inuring to the benefit of all dealers who purchase new and used motor vehicles for resale, declaring that all dealers who purchase new or used motor vehicles for resale are exempt under House Bill 75 (this being arts. 1434 and 1435, Vernon's Ann.P.C.) from filing an application for transfer of license and an application for transfer of certificate of title after they have purchased motor vehicles for resale, and permanently enjoined appellant Smith from attempting to collect the prescribed fees and penalties from dealers in motor vehicles.

In 1947, the 50th Legislature, by House Bill 75, amended art. 1434, P.C., enacted art. 1435, P.C., as a new article and repealed all laws or parts of laws in conflict therewith. Acts 1947, 50th Leg., p. 732.

All references herein made to arts. 1434, 1435 and 1436—1 are to Vernon's Ann.P.C., and all references to sections are to sections of art. 1436—1, supra, unless otherwise cited.

We are here necessarily concerned with dealers as purchasers, rather than as sellers, of used vehicles because: (1) the complaint of appellees against the assessor-collector is that he requires them to file an application for transfer of license and for a certificate of title within ten days after purchasing a used vehicle, which they say they are in no event required to do; and (2) the judgment of the trial court recites and provides:

" * * * and it further appearing to the court that the specific question propounded is 'whether or not dealers in motor vehicles are exempt under House Bill 75 from applying for certificates of title and

applications for transfer of license within ten days after the purchase of a motor vehicle for resale,' and it further appearing to the court that dealers in motor vehicles are exempt under House Bill 75 from applying for certificates of title and applications for transfer of license after the purchase of a motor vehicle for resale.

"It Is Ordered, Adjudged, Decreed and Declared by the court as against all defendants as follows: That motor vehicle dealers who purchase new or used automobiles for resale are exempt under House Bill 75 from filing an application for transfer of license and an application for transfer of certificates of title after they have purchased motor vehicles for resale * * *."

Article 1434 makes it unlawful for any person to sell, trade or transfer any used or secondhand motor vehicle required to be registered under the laws of this State unless, at the time of delivery, such vehicle has been registered in this State for the current year "under the provisions of said law". Provides a dealer may demonstrate such vehicle for the purpose of sale, trade or transfer under a license plate issued such dealer for demonstration purposes. And further provides that any person who sells or transfers any such vehicle shall, at the time of delivery, deliver to the transferee the license receipt issued by the Department for its registration for the current year and a properly assigned certificate of title or other evidence of title as required by art. 1436—1.

The law for the registration of motor vehicles, applicable here, is found in arts. 6675a—2 and 6675a—3, Vernon's Ann.Civ. St. The former provides that every owner of a motor vehicle used or to be used upon the public highways of this State (except named implements of husbandry and farm equipment) shall apply for registration of such vehicle for the current year or unexpired portion thereof. The latter article provides that the application for registration of the vehicle shall be made by the owner, and that the owner of a vehicle previously registered in "any" state for the preceding or current year may, in lieu of filing an application, as directed in this article, present the license receipt and transfer receipts, if any, issued for the transfer or registration of the vehicle for the preceding year, which shall be accepted by the tax collector as an application for renewal of registration provided such receipts show that the applicant is the rightful owner of the vehicle.

As applicable to the requirements for the registration of motor vehicles, the term "owner" as used in the two preceding articles, 6675a—2 and 6675a—3, is defined by art. 6675a—1(l), V.A.C.S., as follows: "'Owner' means any person who holds the legal title of a vehicle or who has the legal right of possession thereof, or the legal right of control of said vehicle."

The authority granted to a dealer by art. 1434 to demonstrate such used or secondhand vehicle for the purpose of sale, trade or transfer under a dealer's license plate issued such dealer, means the dealer's license authorized by art. 6686, V.A.C.S., the use of which license is limited to the demonstration of vehicles for the purpose of sale, trade or transfer. Such dealer's license may be obtained in lieu of the registration of each vehicle the dealer wishes to show or demonstrate.

Article 1434 is limited in its application to the sale of used or secondhand vehicles. (Those that have been the subject of a first sale, Secs. 8 and 10, and therefore are those that have been previously registered in this State. Sec. 7). And it is thereby made unlawful for the seller of such vehicle to sell, trade or transfer the same without complying with the conditions therein imposed on the seller, unless an exemption can be found in the reference to art. 1436—1. The fact that authority is granted to a dealer to demonstrate such vehicle for the purpose of sale, trade or transfer has nothing to do with the steps necessary to be taken by the seller in order to transfer the title of such vehicle to the dealer. Sec. 11. Therefore, if the vehicle is one that is required to be registered (one sold at sales other than at a first sale as defined in Sec. 7), the seller must deliver to the dealer the registration receipt and an assigned cetificate of title.

ensation8 589

As already noticed, art. 1434 imposes obligations to be performed by the seller of a used or secondhand vehicle, while art. 1435 imposes obligations on the transferee of such vehicle to file, within ten days of the date of the transfer, with the tax assessor-collector of the county where the transferee resides, the current year's license receipt and a properly assigned certificate of title as an application for transfer of title as required by art. 1436—1, and further provides for the payment of fees and a penalty of $5 for a late filing.

Article 1434 contains the above discussed provision relative to dealers, but art. 1435 does not. However, both refer to art. 1436—1.

The provisions of art. 1436—1 (designated as the "Certificate of Title Act", deals with the certificate of title rather than the registration of motor vehicles unless Sec. 27 permits a dealer to sell such vehicle without securing a certificate of title; however, we must keep in mind that we are here concerned with purchase and not sales, by the dealer) divides used motor vehicles into classes: (1) those that are registered or licensed in this State, and (2) those brought into this State for the purpose of sale here.

Section 51 makes it unlawful for any person to sell, offer to sell, or offer as security for any obligation any vehicle registered or licensed in this State without having in his possession the proper receipt or certificate of title covering the vehicle so offered. The receipt here mentioned is that defined in Sec. 13 as the written acknowledgment by a designated agent of having received an application for a certificate of title and the required fee on a form prescribed by the Department.

Section 52 makes it unlawful to buy or acquire any title, other than a lien, to any vehicle registered or licensed in this State without demanding of the seller the registration receipt and certificate of title, which, upon consummation of the sale, shall be transferred upon such form as may be provided by the Department.

Section 33 provides that no vehicle may be disposed of at subsequent sale (a sale of a vehicle which has been registered or licensed in this State, or, under law, has not been required to be registered or licensed. Sec. 8), unless the owner designated in the certificate of title shall transfer the certificate of title on a form to be prescribed by the Department.

Section 30 provides that before any vehicle brought into this State by any person other than a manufacturer or importer, and which is one required to be registered or licensed in this State, can be sold, transferred or delivered with intent to pass any interest therein or encumber by any lien, application for a certificate of title must be made, on a prescribed form, to the designated agent of the county where the transaction is to take place, for a certificate of title. In which case, upon a showing of ownership being made and that the vehicle is free from liens other than as disclosed, such agent may issue a receipt.

If a used car is brought into this State for the purpose of sale here, Sec. 29 provides that before any designated agent may issue a receipt, the applicant must deliver to him a properly assigned importer's certificate, which is defined by Sec. 23 as the certificate on a prescribed form for each used vehicle brought into this State for the purpose of sale here, and such certificate must be accompanied by evidence showing a good title and the names and addresses of all mortgagees.

Section 27 provides that before selling any vehicle required to be registered in this State on any highway or public place within this State (except with dealer's metal or cardboard license number thereto attached as now provided by law), the owner shall make application to the designated agent in the county of his domicile for a certificate of title.

Since art. 1434 deals exclusively with the sale of used cars, the references therein made to art. 1436—1 necessarily refer to such sections of that article as deal with used cars. We have carefully examined all such sections and find no provision that exempts a dealer, when purchasing a used car, from requiring of the seller a full compliance with the provisions

of art. 1434. In such case the dealer becomes the transferee of such vehicle and is required to comply with the provisions of art. 1435 and subject to the penalties therein provided.

■ To otherwise construe the provisions of art. 1436—1 would, in our opinion, hinder the Department in keeping correct records of certificates of title to motor vehicles, and be contrary to the declared purpose and intent of the article as stated in Sec. 1 thereof. That is, to lessen and prevent the theft of motor vehicles, the importation of, and traffic in, stolen vehicles and the sale of encumbered vehicles without the enforced disclosure to the purchaser of all liens for which the vehicle stands as security. Such being the purpose of the article, even though it is a criminal statute, the court should keep in mind the intention of the Legislature, the old law, the evil and the remedy. Art. 10, Sec. 6, V.A.C.S.; art. 7, Vernon's Ann.P.C.

We are cited to the cases of Motor Inv. Co. v. Knox City, 141 Tex. 530, 174 S.W.2d 482, and Motor Investment Co. v. City of Hamlin, 142 Tex. 486, 179 S.W.2d 278, as holding contrary to our above conclusion. We think those cases are readily distinguishable from the case before us because of the following reasons:

(1) In each of those cases the court was dealing with a new vehicle, Secs. 7 and 9, and not with the sale of a used vehicle, Secs. 8 and 10; (2) in each of those cases the new vehicle was sold by a manufacturer to a dealer and by the dealer to the purchaser under a manufacturer's certificate. The court held the transfers of the vehicles constituted first sales only.

Therefore, such vehicles were not required to be registered before their sale to an owner, but, after the purchase and delivery of the vehicles, the owner would procure a certificate of title as directed in Secs. 28, 31 and 32.

The case of McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144 (decided in 1945) involved the sale of a used vehicle. Croan, the dealer, purchased the vehicle and at the time of the purchase, the seller indorsed and delivered to him the certificate of title. This certificate of title left the name of the purchaser blank, later the vehicle and certificate of title were stolen and the vehicle sold to McKinney. The suit was by Croan against McKinney et al. to recover title and possession of the vehicle. The court noted there was nothing in the Certificate of Title Act, art. 1436—1, requiring the purchaser of a vehicle to obtain a certificate of title immediately upon purchasing a vehicle, though Sec. 34 authorizes an assignee to apply for a new certificate of title. Present art. 1435 requires a purchaser of a used vehicle to make such application within ten days.

■ Appellants' point that Harris County is a necessary and indispensable party must be overruled. Paraphrasing the language of our Supreme Court in Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 712, 172 A.L.R. 837, this action is for a declaratory judgment declaring that appellees, as dealers in used cars, are exempt from the payment of the fees and penalties provided for in art. 1435, and that appellant Smith is acting unlawfully in demanding that appellees pay such fees and penalties. "The acts of officials which are not lawfully authorized are not acts of the State, and an action against the officials by one whose rights have been invaded or violated by such acts, for the determination and protection of his rights, is not a suit against the State within the rule of immunity of the State from suit." We, therefore, hold the suit is not against Harris County. Harris County Tax Assessor-Collector v. Reed et al., supra.

The judgment of the trial court is reversed in so far as it exempts appellees, as dealers in used cars, from filing the current year's registration receipt and a properly assigned certificate of title, or other evidence of title as required, within ten days of the date of the transfer of the vehicle and the payment of the fees and penalties provided in art. 1435, and the judgment restraining appellant Smith from attempting to collect such fees and penalties is dissolved. In other respects the judgment of the trial is affirmed.

In part reversed and rendered, and in part affirmed.