TEXAS AUTOMOTIVE DEALERS ASSOCIATION, INCORPORATED, V. HARRIS COUNTY TAX ASSESSOR-COLLECTOR ET AL.

No. A-2534. Decided May 10, 1950.

(229 S. W., 2d Series, 787.)

*Mac Umstattd, Dan Moody* and *J. B. Robertson,* all of Austin, for Texas Automotive Dealers Association, Inc., intervenors, and *Ladin & Lieberman,* and *Seymour Lieberman,* of Houston, for John C. Reed, et al., original plaintiffs, all petitioners.

The Court of Civil Appeals erred in holding that dealers who purchased used automobiles in the State of Texas for resale are required to file the current year's registration receipt and a properly assigned certificate of title or other evidence of title to the cars so purchased within ten days of the date of the transfer of each such vehicle to them subject to the payment of the fees and penalties provided in Article 1435. Motor Inv. Co. v. Knox City, 141 Texas 530, 174 S. W. 2d 482; Moorman v. Terrell, 109 Texas 173; Texas Emp. Ins. Assn. v. Holmes, 145 Texas 158, 196 S. W. 2d 390.

*A. C. Winborn,* Criminal District Attorney, of Harris County, *W. K. Richardson,* Assistant Criminal District Attorney of Harris County, *Knipp & Broady* and *Ernest A. Knipp,* all of Houston, for Carl S. Smith, Tax Assessor-Collector of Harris County, *Price Daniel,* Attorney General, and *Dean J. Capp,* Assistant Attorney General, for the State Highway Department and members thereof, all respondents.

Whether or not dealers in used automobiles are exempt from the application of Articles 1434 and 1435, Penal Code, must be determined from the language of those articles themselves, and the Court cannot lawfully extend the language of the proviso therein to *exempt* used auto dealers from the operation of these penal statutes. Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Texas 21, 52 S. W. 2d 56; First Texas State Insurance Co. v. Smalley, 111 Texas 68, 228 S. W. 550; Roberts v. Yarboro, 41 Texas 449.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Petitioners, John C. Reed et al., filed a class suit under Rule 42 in the District Court of Travis County, Texas, for a declara-

tory judgment determining whether or not dealers in automobiles are exempt under the provisions of H. B. 75 Acts 1947, 50th Legislature p. 732 from the payment of fees and penalties demanded by respondent Smith, the Tax Assessor-Collector of Harris County, Texas; also alleging that Smith is acting unlawfully in demanding of plaintiffs the payment of such fees and penalties, and asking for an injunction against Smith. Petitioner Texas Automotive Dealers Association, Inc., and others, intervened, and generally adopted plaintiffs' pleadings. The opinion of the Court of Civil Appeals in this case, styled therein Harris County Tax Assessor-Collector v. Reed, and reported in 225 S. W. 2d 586, states the nature and result of the controversy, and the point for decision.

Upon an investigation of the legislative history of Art. 1434, Penal Code, 1925, we find that as originally passed by Acts 1919, 36th Leg. Ch. 138, H. B. 417 p. 253, the pertinent portions of such Act required all persons offering to sell or trade a motor vehicle to have in his actual physical possession the tax collector's receipt for the license fee for the current year (sec. 3a) and required the actual transfer by seller to buyer of such license receipt by indorsement (sec. 3b) and also required every person buying or trading for a motor vehicle to demand and receive such license receipt (sec. 3c) and sec. 4 (which later became Art. 1435 P. C. 1925) required that the seller make and deliver a bill of sale to the purchaser, and prescribed a form for such bill of sale. In the codification of 1925, Secs. 3a-3c became Art. 1434, Penal Code, without any material change, but merely a combining of said three sections under the one statute. Sec. 4 became Art. 1435 P. C. 1925.

Art. 1434, P. C., 1925, was amended first in Acts 1927, 40th Leg. 1st Called Session, Ch. 77 H. B. 87 p. 205, and no material change was made, except to provide for the use of certified copies of the tax collector's receipt for the current year instead of permitting the use only of the original receipt as theretofore.

Art. 1434, P. C., 1925, was again amended by Acts 1931, 42nd Legislature, Ch. 29 S. B. 40 p. 36. In this amendment we find that for the first time there is language which specifically requires "any used or secondhand vehicle required to be registered under the laws of this State" to be "duly registered in this State for the current year under the provisions of said laws." And significantly material to our inquiry this article for the first time exempts dealers having a dealer's license plate from the requirement as to registration by the following lan-

guage: "* * provided, however, that a dealer may demonstrate such motor vehicle for the purpose of sale, trade or transfer under a dealer's license plate issued such dealer for demonstration purposes." For the first time there was included in Art. 1434 a provision requiring the seller to deliver to the purchaser a bill of sale in triplicate. The provision for issuance of dealer's license to a dealer, so he would not have to register a vehicle, came into the laws as Sec. 21, Acts 1917, 35th Leg. Ch. 190, H. B. 2, p. 416 et seq. and was carried into the 1925 revision as Art. 6686.

The first Certificate of Title Act was passed in 1939, and being Acts 1939, 46th Leg. Ch. 4, H. B. 407, p. 602. Sec. 4 of said Act defined an "owner" so as to specifically exclude a "dealer" and Sec. 19 defined a "dealer." Sec. 27 read (as it now reads, without any changes from original passage) :

"Before selling or disposing of any motor vehicle required to be registered or licensed in this State on any highway or public place within this State, *except with dealer's metal or cardboard license number thereto attached as now provided by law,* the owner shall make application to the designated agent in the county of his domicile upon form to be prescribed by the Department for a certificate of title for such motor vehicle."

This section requires the owner of the vehicle to make application for a certificate of title prior to sale, and by its exception specifically exempts dealers who have a dealer's license from the requirement that they procure a title certificate before selling or disposing of such motor vehicle. Sec. 33, which covers a subsequent sale of a motor vehicle, applies only to "owners", thus excluding its application to dealers. This construction of such section has been recognized by the Highway Department by the fact that its regulations have consistently recognized that a "dealer" is not required to apply for a new certificate of title, and may transfer the certificate accompanying a used car bought by the dealer, by indorsement on the reverse of the certificate upon the form provided thereon by the Highway Department.

This demonstrates that the trial court's judgment that dealers do not have to file the title certificate within ten days is a correct one. Also, that the judgment of the Court of Civil Appeals that "dealers" must file the certificate of title within ten days is incorrect.

While the following cases deal with new cars and hold that

such dealer is not required to procure a title certificate before they sell a new car, they also support in principle the rule announced by us. Motor Inv. Co. v. Knox City, 141 Texas 530, 174 S. W. 2d 482, and Motor Inv. Co. v. City of Hamlin, 142 Texas 486, 179 S. W. 2d 278.

Sec. 65 of the Certificate of Title Act provided that "all acts or parts of acts inconsistent with the provisions of this Act are hereby repealed." This provision of course repealed the provisions of Art. 1434 requiring triplicate bills of sale, and would leave a doubt as to the validity of other parts of the article regarding the necessary requisites of a sale of a motor vehicle. By Sec. 7, Acts 1941, 47th Leg. Ch. 187, H. B. 205, p. 343, Art. 1434 was expressly repealed "in so far as it requires the delivering of bills of sale or motor vehicles to the transferee when the same are sold or transferred." By Acts 1947, 50th Leg. Ch. 364, H. B. 75, p. 732, Art. 1434 P. C. was amended to read as it does now, and as it is involved in this litigation. The change made was that the old article read that the used or secondhand vehicle to be sold, traded or otherwise transferred must be duly registered in this State for the current year "under the provisions of said *laws*" whereas the new article reads "under the provisions of said *law.*" In addition to requiring the delivery of the current year's license receipt on such vehicle the new article has added "and a properly assigned Certificate of Title or other evidence of title as required under the provisions of Art. 1436-1 of the Penal Code of the State of Texas." The same provision is made in the punitive part of the said Art. 1434.

Thus we see that a dealer having a dealer's tag has an exception from the requirements of Art. 1434 made for his benefit.

It is claimed by the respondents that Article 1434 and 1435, P. C. 1925, require the dealer to file the current year's registration certificate with the assessor-collector within ten days from the receipt of the same, or else pay the $5.00 penalty in the Act provided.

The legislative history of Art. 1435 shows that it was originally Sec. 4 of Acts 1919, 36th Leg., Ch. 138, H. B. 417, p. 253, and provided that upon sale of a secondhand motor vehicle the seller must deliver to the buyer in duplicate, a bill of sale to such vehicle and that the transferee should file a copy with the tax collector as an application for a transfer of license and pay $1.00 as transfer fee. A form of transfer was given.

This became Art. 1435 P. C. in the 1925 revision. This was

changed by Acts 1931, 42nd Leg., Ch. 29 p. 36, wherein it was provided that one copy of the bill of sale required by Art. 1434 to be delivered to transferee (as amended by same Act) should be filed with the county tax collector of the transferee's residence within ten days from transfer date, and provided a penalty for failure to file such copy. It also provided that the transferee should retain one copy, and prescribed a penalty for violation of the Act.

The Certificate of Title Act, Sec. 65, passed in 1939, and referred to above, impliedly repealed this Art. 1435 P. C. by virtue of the latter Act's conflicting provisions. In 1941 the Legislature (H. B. 205, Ch. 187, Acts 47th Leg. p. 343) amended Sec. 65 of the Certificate of Title Act so as to specifically repeal Art. 1435 P. C.  In 1947, the Legislature enacted a new article to be known as Art. 1435 P. C. and which is the present article under construction by this suit. It provides: "The current year registration license receipt and the properly assigned Certificate of Title or other evidence of title required to be delivered to the transferee of a used or secondhand vehicle under the term of Art. 1434 as amended by this Act shall be filed by the transferee within ten (10) days of the date of transfer with the County Tax Assessor-Collector of the county in which the transferee resides as an application for transfer of title as required under Art. 1436-1 (The Certificate of Title Act) Penal Code of the State of Texas and as an application for a transfer of license etc. etc." The Act then provides for a penalty upon failure to so file, and fixes the liability of the collector and his bondsmen, and the collector's fees and the reporting of the same to the Highway Department, and how the application for transfer of license and certificate shall be handled. It also provides "The (State Highway) Department may promulgate such reasonable rules and regulations and prescribe such forms as it shall deem necessary to carry out the orderly operation of this act." Further provides for the filing of the blanks on all documents relating to or supporting transfer of registration and Title Certificate, and provides a penalty for failure to fill out such document. It is claimed that dealers are not expressly named as being exempt from the provisions of this article, and therefore they should file the transfer within the ten day period. First, we notice that the Act expressly refers to Art. 1434 P. C. Art. 1434 P. C. expressly exempts dealers who have a dealer's license plate from the requirements that they must register a motor vehicle and have the current year's license receipt before he can sell the car. Art. 6686, Revised Civil Statutes, 1925, as amended, provides who may secure dealer's license, and provides "Any * * * or dealer in motor vehicles in this state may,

instead or registering each vehicle he may wish to show or demonstrate upon the public highway," may apply for and secure a dealer's license plate to be attached to such motor vehicle. This specifically exempts the dealer from procuring a current year's license registration receipt before he may sell the vehicle. Also, paragraph (b) of such article provides that the dealer may issue temporary cardboard numbers, using such dealer's number, to any person purchasing a motor vehicle from the dealer, and such purchaser may use such dealer's cardboard number for ten days. Paragraph (d) provides that the dealer upon a sale of transfer of the motor vehicle to any person other than a manufacturer or dealer shall give notice in writing to the Highway Department setting forth the name and address of the purchaser and seller, make of automobile, date of transfer and other pertinent information. This, apparently, is to assist the department in keeping a record of motor vehicles.

Art. 1435 also refers to Art. 1436-1 for the necessary requisites for an application for the transfer of title when the language "* * of the county in which the transferee resides as an application for transfer of title as required under Article 1436-1, Penal Code of the State of Texas and as an application for transfer of license, * * *" is used.

We have seen that Sec. 27 of Art. 1436-1 Penal Code (The Certificate of Title Act) specifically exempts a dealer having a dealer's license plate from the requirement of making an application for a certificate of title on such motor vehicle. Since Sec. 33 requiring only "owners" to make a transfer before a notary public in order to consummate a subsequent sale, a dealer is exempt by virtue of his dealer's license from complying. Art. 51 makes it unlawful for any person to sell or offer to sell any motor vehicle registered or licensed in this State without then and there having in his possession the proper receipt or certificate of title covering such motor vehicle. We have seen that the *proper* evidence of title for a dealer with dealer's license may be a certificate of title or license not in his name, except by indorsement. Upon a purchase of a used or secondhand motor vehicle the seller must transfer to the dealer a current year's license registration receipt and a Certificate of Title in the name of the seller properly indorsed to the dealer and covering the motor vehicle sold, and it is the dealer's duty to demand and receive such documents before he buys the motor vehicle.

In pursuance to the provisions of Sec. 55 of Art. 1436-1 P. C. and of present Art. 1435 the State Highway Department has issued certain regulations and instructions. Circular 31-47

dated Oct. 3, 1947, and Circular 36-47, dated Oct. 25, 1947, issued by the Department to all assessors-collectors regarding H. B. 75, now Art. 1435, were introduced in evidence. Circular 31-47 provides:

"In writing the Bill, we recognized the fact that dealers could not and should not be required to come within the ten day filing limit and in re-enacting Article 1435 of the Penal Code, dealers were exempted from the 10 day filing limit by a reference to the requirements of the Title Act, under which a re-assignment by dealers *only* has been provided on the back of the Title. * * * *

"2. Q. How will the Tax Collector know who is subject to the 10 day filing limit and who is exempt?

"A. Dealers are exempt from the 10 days filing limit. In order to qualify as a dealer for this exemption, the State Comptroller is adding to Form 9, Item No. 6 which will read, 'Purchased by Dealer for Exclusive Resale and Not for Use—Dealers License No. _____', and a current year Dealer's License Number must be shown."

Circular 36-47 provides:

"We have received many requests for a definition of 'Dealer.' For purposes of administering House Bill 75, we consider a dealer a person whose occupation is buying and selling motor vehicles as his means of livelihood. Such person must have a dealer's license plate number issued prior to application for transfer in order to be exempt from paying a penalty. If a dealer has several plate numbers, he should use the first number on all transactions."

Since the Legislature by the language of Art. 1434 and by references in Art. 1435 excepts dealers who have dealer's license from the provisions of the law requiring them to license their used or secondhand cars or secure Certificate of Title thereto, we hold they are excepted from the requirement of filing the license registration receipts and Certificate of Title applications for transfer within the ten day period provided in Art. 1435 and therefore are not liable for penalties for failure so to do.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is in all things affirmed.

Opinion delivered May 10, 1950.

No motion for rehearing filed.