ROY A. SCOTT ET AL V. MARSHALL P. GRAHAM, ET AL.

No. A-5618. Decided June 27, 1956.
Rehearing overruled July 25, 1956.
(292 S.W. 2d Series 324)

98

*Roy A. Scott,* of Corpus Christi, for petitioners.

The Court of Civil Appeals erred in holding that this suit was a collateral attack upon the judgment of the commissioners court ordering the payment of such funds. Bourgeois v. Mills, 60 Texas 76; Shivers v. Stovall, 129 Texas 256, 103 S.W. 2d 363; Wallace v. Commissioner's Court, 281 S.W. 593.

*Howell Ward* and *Margaret B. Brown,* of Corpus Christi, for respondents.

MR. JUSTICE WALKER delivered the opinion of the Court.

The order of the trial court denying a temporary injunction to restrain the payment of $600.00 to respondent, Marshall P.

Graham, for services rendered by the latter as Assistant District Attorney of Nueces County, has been affirmed by the Court of Civil Appeals. 283 S.W. 2d 443. We hold that the county is a necessary part to the suit, and that the refusal of a temporary injunction when there is an absence of necessary parties, who might readily be joined in the suit, cannot be deemed an abuse of discretion.

On December 13, 1954, respondent was appointed Assistant District Attorney of Nueces County on a temporary basis by Honorable J. D. Todd, Jr., who was then District Attorney. The Commissioners Court approved the appointment and entered an order fixing respondent's salary at "$25.00 per work day not to exceed total pay of $600.00." Respondent was not reappointed when Honorable Sam L. Jones, Jr. became District Attorney on January 1, 1955. On January 31, 1955, respondent subitted his claim of $687.50 for services rendered for 27½ days at $25.00 per day, and about a week later the Commissioners Court entered an order directing that he be paid $600.00 for his services.

A few days later, petitioner, Roy A. Scott, instituted this suit in the district court, on behalf of himself and other taxpaying citizens of Nueces County, praying that the order of the Commissioners Court authorizing the payment to respondent be adjudged void and of no effect, and that a restraining order and temporary and permanent injunctions issue to prevent such payment. Respondent, the County Treasurer, County Judge, and County Commissioners were named as defendants in an amended petition filed prior to the hearing on the temporary injunction. Nueces County was not made a party in its corporate name. A temporary restraining order issued, but after a hearing the same was dissolved and petitioner's application for a temporary injunction was denied.

■ So far as we have been able to determine, this court has not expressly decided whether the county is a necessary party to an action of this character. It has been held that the county will be affected by, and hence is a necessary party to, a suit to enjoin the issuance and sale of its bonds. Prowse v. Wilson, Texas Civ. App., 203 S.W. 2d 791 (no writ) ; Miller v. Snelson, Texas Civ. App., 126 S.W. 2d 504 (affirmed 133 Texas 364, 129 S.W. 2d 288). Although the judgment of the Court of Civil Appeals in the Snelson case was affirmed, we pointed out that the question of whether the county was a necessary party was not before

us, because the point was not preserved in the motion for rehearing in the lower court.

The holdings of the courts of civil appeals in Allison v. Ellis, Texas Civ. App., 248 S.W. 814, no writ; Estes v. Commissioners Court of Hood County, Texas Civ. App. 116 S.W. 2d 826, no writ; and Davis v. Wildenthal, Texas Civ. App., 241 S.W. 2d 620, wr. ref. n.r.e., that the county is a necessary party to an action to restrain the performance by any of the contracting parties of an executory contract made in the name of the county by its officials, are undoubtedly sound. As stated in the Allison case, the county has a right to be in at the death of a contract to which its officers have bound it, and its interests cannot be determined in a suit to which it is not a party. In the present case, however, the respondent has fully performed and petitioner seeks only to restrain the payment of county funds.

The Wildenthal case also holds that the county is not a necessary party to an action to restrain the transfer of its constitutional funds to the general fund and the disbursement thereof upon demands of the general fund. The application for writ of error in that case did not complain of this ruling. The court was of the opinion that the proposed transfers and expenditures were clearly illegal, and that under the rule announced in Terrell v. Middleton, Texas Civ. App., 187 S.W. 367, writ refused, 108 Texas 14, 191 S.W. 1138, and followed in Cobb v. Harrington, 144 Texas 360, 190 S.W. 2d 709, 172 A.L.R. 837, the county was not a necessary party to a suit to enjoin the same.

In Harris County Tax Assessor-Collector v. Reed, Texas Civ. App. 225 S.W. 2d 586, reversed, Texas Automotive Dealers Ass'n. v. Harris County, 149 Texas 122, 229 S.W. 2d 787, it was held upon the authority of Cobb v. Harrington, supra, that the county is not a necessary part to an action against state and county officials to obtain a judgment declaring that dealers purchasing motor vehicles for resale are exempt from filing applications for transfers of licenses and certificates of title and paying the fees and penalties in connection therewith. It might be argued that approval of this holding is implicit in our affirmance of the judgment of the trial court in that case, but we did not discuss the question and think it is proper to consider the same at this time.

The Terrell and Cobb cases hold that an action by a taxpayer against state officials to restrain the latter from illegally

disbursing public funds, or to obtain a judgment declaring that the plaintiff is not subject to a particular state tax, is not a suit against the state within the rule of its immunity from suit. In the Wildenthal and Harris County cases, the intermediate appellate courts apparently reasoned that if an action to restrain the illegal expenditure of state funds is not a suit against the state, then a suit to enjoin the improper disbursement of county funds is not a suit against the county—and hence the county is not a necessary party thereto. This assumes that the same factors and principles control the determination of: (1) whether an action is against the state within the rule of its immunity, and (2) whether a person is a necessary party to a legal proceeding. And this is not a valid assumption.

The opinion in Cobb v. Harrington, supra, makes it clear that whether a suit is against the state within the rule of its immunity is determined by the nature of the relief sought against the state and its officials. Whether a person is a necessary party is determined by his interest in the subject matter and outcome of the suit. As stated in Veal v. Thomason, 138 Texas 341, 159 S.W. 2d 472, all persons who have or claim a direct interest in the object and subject matter of the suit and whose interests will necessarily be affected by any judgment that may be rendered therein, are not only proper parties, but are necessary and indispensable parties.

It is our opinion that the county is clearly a necessary and indispensable party to this suit. Although petitioner sues in his own right as a taxpayer, the county has an even more direct interest in the subject matter and the outcome of the case. Its presence before the court in its corporate name is required not only because of its interest, but also to enable the court finally to dispose of the controversy in the one proceeding. Without a judgment against the county, there will be nothing to prevent its future officials from making the payment which petitioner now seeks to enjoin.

Rule 33 of our Rules of Civil Procedure provides that suits by or against a county shall be in its corporate name. A county is not made a party to a suit by joining the commissioners and other officials of the county as parties. Petitioner having failed to make the county a party, his suit is subject to dismissal at any time. Under these circumstances it cannot be said that the trial court abused its discretion in refusing to grant the temporary injunction.

Since petitioner may amend at any time and make the county a party, we should consider a number of other questions which have been raised in this proceeding. The amount in controversy is small, and the litigants may thus be saved the expense and delay of another appeal.

■ Respondent argues that the order of the Commissioners Court approving respondent's claim has not been set aside or appealed from, and stands as res adjudicata of the matter. We do not agree. An order of the Commissioners Court acting judicially on a matter within its discretion is the judgment of a court of record which is not subject to collateral attack and which may be reviewed only on appeal or in a direct action for that purpose. Yoakum County v. Gaines, 139 Texas 442, 163 S.W. 2d 393, and authorities cited therein. And a suit to enjoin the enforcement of the judgment of a court other than the one in which the action is brought is generally regarded as a collateral attack on the judgment. See Cotton v. Rea, 106 Texas 220, 163 S.W. 2; 25 Tex. Jur. 763, Sec. 288. The latter rule does not always apply, however, to an equitable proceeding in district court to enjoin action authorized by an order of the commissioner's court.

Art. 5, Sec. 8, of our Constitution was amended in 1891 to give the district court "appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." Substantially the same language is found in Art. 1908, Texas Rev. Civ. Stat. 1925. The Legislature has prescribed no exceptions, and has only established the procedure for appealing orders of the commissioners court relating to certain matters. See Art. 7880-18, Vernon's Ann. Tex. Civ. Stat. It has not, however, established by statute the method and procedure for invoking the appellate jurisdiction and supervisory control of the district court over all actions of the commissioners court. Certiorari has been suggested as an appropriate method of review. See McDonald v. Farmer, 23 Texas Civ. App. 39, 56 S.W. 555 no writ; Underwood Typewriter Co. v. Nacogdoches County, Texas Civ. App., 37 S.W. 2d 278 no writ.

■ It is well settled that a direct equitable proceeding in district court, the purpose and effect of which is to review or set aside an order of the commissioners court, comes within the power granted by the constitutional and statutory provisions above referred to, and has the effect of a direct attack upon the order, at least where the Legislature has not prescribed the procedure

for appealing from such order. Haverbekken v. Hale, 109 Texas 106, 204 S.W. 1162; J. R. Phillips Investment Co. v. Road District No. 18 of Limestone County, Texas Civ. App., 172 S.W. 2d 707 writ refused. The present suit invokes the equity powers of the district court to prevent by injunction the payment of county funds for a purpose alleged to be illegal. It is our opinion that the same should be treated as a direct, rather than a collateral, attack upon the order of the commissioners court authorizing such payment to be made.

■ Petitioner contends that the proposed payment is illegal because it exceeds the amount authorized by Art. 3886, Texas Rev. Civ. Stat. 1925, as amended, which applies to Nueces County. The relevant provisions of this statute are as follows:

"* * * the District Attorney, * * * may appoint not exceeding eight Assistant District Attorneys, two of whom shall receive a salary not to exceed Four Thousand Two Hundred Fifty ($4,250.00) Dollars per annum each; two of whom shall receive a salary not to exceed Thirty-six Hundred ($3,600.00) Dollars per annum each; four of whom shall receive a salary not to exceed Three Thousand ($3,000.00) Dollars per annum each. * * * The salaries of all such assistants, * * * shall be paid monthly by said counties by warrant drawn upon the general funds thereof. * * *."

The words "per annum" as used in this statute refer to the period during which the office or employment is held, and not to the time of payment. See Talbott v. Thomas, 286 Ky. 786, 151 S.W. 2d 1. The Legislature has thus provided that the salaries of the officers and employees appointed under the statute shall not exceed a stipulated amount for each year of service. A separate sentence requires that the salaries be paid monthly. These provisions clearly contemplate monthly compensation in an amount equal to one-twelfth of an authorized annual salary, which cannot exceed the applicable ceiling established by the statute. It is our opinion that the statute precludes the payment of more than one-twelfth of the applicable amount stipulated therein for each month the office or employment is held.

Respondent's appointment was made on December 13th and terminated eighteen days later upon the expiration of the term of the District Attorney who appointed him. See Terrell v. Sparks, 104 Texas 191, 135 S.W. 519. Since respondent held the position for less than a month, it appears that the $600.00 payment ordered by the Commissioners Court exceeds the maxi-

mum amount authorized by the statute, and the order is therefore void.

■ Respondent argues that in no event would the trial court's refusal to grant the temporary injunction constitute an abuse of discretion, because respondent is solvent and can, after a trial on the merits, be compelled to repay any amount he was not entitled to receive. This contention might have some merit if petitioner could institute suit to recover the money after it has been paid. When a taxpayer brings an action to restrain the illegal expenditure of tax money by the commissioners court, he sues for himself and his interest in the subject matter is sufficient to support the action. But when the money has already been spent, an action for the recovery belongs to the county alone, and cannot be maintained by a private citizen. Hoffman v. Davis, 128 Texas 503, 100 S.W. 2d 94. If the money is paid and the county officials who might institute suit in the name of the county for its recovery elect not to do so, there will be no judicial determination of the legality of the payment. It necessarily follows that in a taxpayer's suit of this character, the fact that a judgment against the person to whom the payment will be made could be collected, should not be considered in determining whether to enjoin the payment.

The judgment of the Court of Civil Appeals is affirmed.

Associate Justice McCall not sitting.

Opinion delivered, June 27, 1956.

MR. JUSTICE CULVER joined by JUSTICE GRIFFIN, dissenting.

I do not agree that Art. 3886, Vernon's Ann. Civ. Stat., prohibits the Commissioners Court from paying an assistant district attorney appointed for and engaged on a temporary duty not to exceed thirty days, at a greater monthly rate than the statute permits for one regularly employed on a yearly basis.

The grand jury decided that an investigation of certain county affairs should be made by an attorney and at the request of the grand jury the District Attorney appointed an assistant with the approval of the Commissioners Court, the appointment being limited to a period of thirty days and for a compensation not to exceed $600.00. It is to be expected that the employment for a period of a month only would normally

be more than the monthly rate for employment on a yearly basis. In my opinion the Commissioners Court did not exceed its authority in making the order and should not be enjoined from paying the compensation where the services have been performed.

Opinion delivered June 27, 1956.

Rehearing overruled July 25, 1956.