

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 7, 1970

Hon. Luther T. Sebren
County Auditor
Orange County Courthouse
Orange, Texas 77630

Opinion No, M-705

Re: Whether (a) a county may pay its employees over-time pay at a premium rate, and (b) a county auditor may disburse pay-roll checks to county em-ployees, in payment of accumulated vacation time, prior to the em-ployee's taking the vacation.

Dear Mr. Sebren:

Your recent letter to this office requesting an opinion concerning the referenced matter poses the following questions:

"1. Can Orange County legally pay overtime pay of premium rate or at the regular rate for work performed in excess of forty hours per week?

"2. Can the County Auditor legally disburse payroll checks to county employees in payment of vacation time prior to the vacation?"

By a supplemental letter, you have informed this office as follows concerning your questions:

"All regular employees of Orange County, regard-less of which department they may be employed in, as of January 1, 1970, are compensated on a monthly salary basis, based on the fact that Commissioners' Court on the second Monday of each January sets the annual salary of each employee for that year of which is considered a yearly contract based on a work week of eight (8) hours a day, five (5) days a week or two thousand eighty (2,080) working hours per year.

-3407-

Funds are budgeted for salary purposes based on
these total yearly salaries; therefore, funds in
excess of the yearly amount would not be available
for distribution. These yearly salaries remain
within the maximum permitted to (be paid) under
law for any and all employees, for example, Chief
Deputy, Tax Assessor and Collector is well within
the maximum authorized by law; however, under a
policy permitting the county to pay Premium Pay
in excess of the yearly salary could very well
amount to more than that permitted under law.

"As to the question of whether or not the
County Auditor can legally disburse salary checks
to county employees in payment of vacation time
prior to their vacation, the following information
is hereby supplied:

"Under our present system, employees take their
earned vacation and their pay simply is carried on
and the payroll check is issued at its regular
scheduled time which is semi-monthly or on the 16th
for the period of the 1st through the 15th and on the
1st of the month for the period of the 16th through
the last of the month. It has been my opinion that
the county could not pay this salary prior to the
close of the period for which it covered nor could
they pay it in lieu of, same as we are required to
do by law for wages, materials and supplies of every
nature which cannot be legally paid for prior to the
county receiving same."

We consider your first question as follows: This
opinion is restricted to regular officers and employees of the
county who hold office or who are employed on a yearly basis, on
an annual salary basis, and whose compensation is paid monthly.
The question we consider and answer is whether such officers and
employees may be paid an additional sum or sums during the year
for overtime work.

Two classes of officers and employees exist within the context of the situation we consider. First, those public officers whose maximum annual salary is fixed by statute, such as County Attorney, County Judge, County Clerk and any others, including their deputies, clerks and assistants. Second, those employees whose maximum salary is not set by statute, such as those other than the class just mentioned, and employees, such as secretaries, clerks, and others.

The only limitations on the pay of any of these persons by way of overtime pay for overtime work are the maximum salaries set by statutes and the budget of the county and the laws governing amendment of the county budget.

Those officers and employees whose maximum salary is fixed by statute may not be paid for any one month's service more than one-twelfth (1/12) of the maximum annual salary authorized by statute. Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324 (1956). With reference to those employees who are not drawing the maximum salary provided by law, we know of no law which would prohibit the Commissioner's Court from amending the county budget to provide for overtime pay so as to increase the monthly salary of any officer or employee to cover some period of time or times subsequent, and to cover additional hours to be worked on the job in discharging the official duties of the office or position, subject to the holding in Scott v. Graham (supra), and to the budget as adopted or as amended. Art. 689a-11, 689a-20, and Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980, 987-8 (1941).

We do not consider the applicability, if any, of the Federal Fair Labor Standards Act, and any other United States statutes dealing with overtime work and overtime pay. See Maryland v. Wirtz, 392 U.S. 183 (1968).

As for your second question, Article 2372h-1, Vernon's Civil Statutes, provides as follows:

> "In each county of this State, each elected
> county officer or the Commissioners Court, as the
> case may be, shall have authority to provide for
> vacations, holidays fixed by State law, and sick

leaves, without deduction or loss of pay, and to provide for deductions for absences, for the employees working under the elected county officer or his appointees or under the Commissioners Court or its appointees or under a County Commissioner or his appointees, regardless of whether the employee is paid on a fixed salary basis or on the basis of an hourly or daily wage. Nothing in this Act shall affect existing laws authorizing or regulating vacations, holidays, sick leave and absences for county employees, it being the intention of this Act only to provide such authority with respect to the employees covered by this Act in counties where it does not now exist." (Emphasis added.)

Section 53 of Article III of the Constitution of Texas provides as follows:

"The Legislature shall have no power to grant or to authorize any county or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered or a contract has been entered into and performed in whole or in part; nor pay, nor authorize the payment of any claim created against any county or municipality of the State under any agreement or contract made without authority of law."

If the employment contract authorizes it, then the checks may be delivered to the employees at any time after the vacation time is earned, <u>and in accordance with the terms of the contract of employment</u> under which vacation time accrues.

Section 52 of Article III of the Constitution of Texas provides, in part, as follows:

"The Legislature shall have no power to authorize any county ... to grant public money or thing of value in aid of, or to any individual ..."

Payment may not be made for the time off from regular duties which has accrued as vacation leave until that time off is earned and has accrued under the terms of the contract of

employment, because Sections 52 and 53 of Article III of the Constitution of Texas, both quoted supra, prohibit payment for services, or their equivalent, in advance.

We believe the law is settled to the effect that the right to receive vacation leave, with pay, under a contract of employment which is otherwise valid under the above constitutional provisions, is as much a part of the agreed compensation as the compensation paid in money. Vacation pay is in the nature of deferred compensation, payable at a later time, in addition to compensation already paid during each pay period occurring within the required period of employment. Morten v. Gulf, Mobile and Ohio Railroad, 277 F.Supp. 434, 437 (E.D. Mo. 1967); 43A Words and Phrases (Perm.Ed.), "Vacation Pay" and "Vacation with Pay", pp. 542-43. See, also, Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738 (1928); Coffman v. City of Wichita Falls, 374 S.W.2d 798 (Tex.Civ.App. 1964, error ref.) City of Orange v. Chance, 325 S.W.2d 838, 840 (Tex.Civ.App. 1959, no writ); and Foreman v. Gooch, 184 S.W.2d 481 (Tex.Civ.App. 1944, error ref. w.o.m.).

The right to receive vacation pay accruing under the contract of employment is held not to be forfeited by a termination of the contract. Kiddie Mfg. Co. v. United Electrical Radio & Machine Workers of America, 99 A.2d 210, 213 (N.J.Sup.Ct. 1953).

A court that construed Section 53 of Article III of the Constitution of Texas, quoted supra, in regards to accumulated sick leave, held as follows:

"The constitutional prohibition forbids paying extra compensation for past performance or adding additional consideration to the contract already entered into . . .; the prohibition does not apply to payment of any fund or sum based upon the contract of employment nor does it apply to the method or time of payment." City of Orange v. Chance, 325 S.W.2d 838 (Tex.Civ.App. 1959, no writ). (Emphases added.)

In view of the foregoing, we find no prohibition of a county disbursing payroll checks to county employees, in payment of accumulated vacation time, prior to the employee's taking the vacation. On the other hand, we find no requirement that a county is obligated to pay an employee for accumulated vacation time prior to the vacation period. We believe the time the

employee receives his vacation pay must be in accordance with the contract of employment.

We are of the opinion that Article 2372h-1 is sufficient pre-existing law under Article III, Section 44, of our State Constitution, to authorize the county to enter into contracts with its employees to deliver to them their checks which include their vacation leave at a time prior to the beginning of such vacation, provided all of the vacation period has accrued and been earned prior to the delivery of the check. The Legislature has recognized this contractual authority between the State and its employees in Articles 6252-8 and 6252-8a, authorizing therein the payment of all accumulated vacation leave and for one-half of the accumulated sick leave to the employee's estate upon his death.

## S U M M A R Y

(1) A county may pay its officers and employees overtime pay, contracted in advance, and subject to the statutes which set maximum salaries for certain offices and positions, and subject to the provisions of the county budget as originally adopted and as lawfully amended.

(2) A county may disburse payroll checks to county employees, in payment of accumulated vacation time, prior to the employee's taking the vacation if this action is in accordance with the contract of employment.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jim Swearingen
Jim Broadhurst
Jack Goodman
Bob Lattimore

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant