**Donna ARMSTRONG, Appellant,**

v.

**Robert D. ARMSTRONG, Jr., et al., Appellees.**

No. 4849.

Court of Civil Appeals of Texas, Eastland.

Jan. 8, 1976.

Rehearing Denied Jan. 29, 1976.

O. Glenn Weaver, Tabor, Fowler & Cline, Irving, for appellant.

Jay M. Goltz, Dallas, for appellees.

RALEIGH BROWN, Justice.

This is a suit for a portion of the insurance proceeds on the life of Robert D. Armstrong, Sr. His surviving sons, Robert D. Armstrong, Jr. and Stephen L. Armstrong, each sued Donna Armstrong, surviving widow and named beneficiary under the policies and New York Life Insurance Company for $10,000. New York Life interplead the disputed proceeds and was discharged from the suit. Judgment was entered authoriz-ing recovery of $10,000 for each of the sons after jury findings that Robert D. Armstrong, Sr. intended upon his death such disbursement. Donna Armstrong appeals. We reverse and remand.

She argues the trial court erred in overruling her motion for judgment notwithstanding the verdict because the estates of Avis Armstrong and Robert Armstrong, Sr. were indispensable parties to the suit. We agree.

The ultimate relief sought by Robert D. Armstrong, Jr. and Stephen L. Armstrong was the imposition of an oral trust upon insurance proceeds. They plead that Donna Armstrong was made the beneficiary of the insurance policies after she agreed with Robert, Sr. the proceeds would be paid in accordance with his desires. The sons contend their father desired $10,000 to be paid each son, $5,000 to the Estate of Avis Armstrong, Robert, Sr.'s bills paid, and "Donna have a little something." Before this court the sons agree trial was had upon trust issues only.

If in fact a trust was created, the pleadings, the evidence and admissions of Robert, Jr. and Stephen Armstrong establish the beneficiaries of such trust were themselves, the estates of Avis Armstrong and Robert, Sr., and Donna Armstrong.

In ruling on the necessity of an indispensable party to a suit, the court in *Petroleum Anchor Equipment, Inc. v. Tyra*, 406 S.W.2d 891 (Tex.1966), said:

"If Fite were truly an indispensable party to the suit, we would agree that the error in proceeding in his absence was fundamental error which could and should have been noticed by the court of civil appeals on its own motion. It was so held in *Sharpe v. Landowners Oil Ass'n.*, 127 Tex. 147, 92 S.W.2d 435 (1936), and it must be so in the narrower concept of fundamental error announced in the opinions in *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947). Jurisdiction over indispensable parties to a suit is as essential to the court's right and power to

proceed to judgment as is jurisdiction of the subject matter. See *Scott v. Graham*, 156 Tex. 97, 101, 292 S.W.2d 324, 327 (1956). Compare *McCauley v. Consol. Underwriters*, 157 Tex. 475, 304 S.W.2d 265 (1957)."

The court continued:

"Decision of any question of necessary parties to a suit should be made in light of the provisions of Rule 39, Texas Rules of Civil Procedure."

"Rule 39, titled 'Necessary Joinder of Parties,' reads:

(a) Necessary joinder. Except as otherwise provided in these rules, persons having a joint interest shall be made parties and be joined as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

(b) Effect of failure to join. When persons who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them made parties. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them can be acquired only by their consent or voluntary appearance; but the judgment rendered therein shall not affect the rights or liabilities of persons who are not parties.

(c) Names of omitted persons and reasons for nonjoinder to be pleaded. In any pleading in which relief is asked, the pleader shall set forth the names, if known to him, of persons who ought to be parties, if complete relief is to be accorded between those already parties, but who are not joined, and shall state why they are omitted.

It is at once apparent that the 'necessary' parties of which the rule speaks fall into two categories: (1) those who under paragraph (a) 'shall be made parties,' and (2) those who under paragraph (b) 'ought to be parties if complete relief is to be accorded between those already parties.' It is also at once apparent that 'persons having a joint interest' within the meaning of paragraph (a), properly interpreted, are indispensable parties, but that those who simply ought to be joined if complete relief is to be accorded between those already parties are not indispensable."

The court in *Scott v. Graham*, 156 Tex. 97, 292 S.W.2d 324 (1956), stated:

" . . . Whether a person is a necessary party is determined by his interest in the subject matter and outcome of the suit. As stated in *Veal v. Thomason*, 138 Tex. 341, 159 S.W.2d 472, all persons who have or claim a direct interest in the object and subject matter of the suit and whose interests will necessarily be affected by any judgment that may be rendered therein, are not only proper parties, but are necessary and indispensable parties."

See also *Royal Petroleum Corporation v. Dennis*, 160 Tex. 392, 332 S.W.2d 313 (1960).

 The general rule is that in suits affecting trusts or respecting the trust property, the beneficiary is a necessary party. *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377 (1945).

 Robert Armstrong, Jr. and Stephen L. Armstrong seek a portion of an alleged trust res while recognizing the existence of other beneficiaries without making them parties to the litigation. All beneficiaries would have a "joint interest" and thus be indispensable parties. Their omission is reversible error.

This holding makes it unnecessary to consider the other points of error raised by Donna Armstrong.

The judgment is reversed and the cause remanded.