

# THE ATTORNEY GENERAL
## OF TEXAS

May 25, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Rex N. Leach          Opinion No. JM-708
District Attorney
200 West State Street           Re:  Supervisory control of a district
Groesbeck, Texas    76642       court  over  a  county  commissioners
                                court under article V, section 8, of
                                the Texas Constitution

Dear Mr. Leach:

You ask about the interpretation of article V, section 8, of the Texas Constitution, which provides:

> District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.
>
> The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law. (Emphasis added).

Specifically, you ask whether a lawsuit must be filed in order to invoke a district court's "general supervisory control" over a commissioners court.

Cases interpreting article V, section 8, of the Texas Constitution make clear that a district court may exercise "general supervisory control" over a commissioners court only when the district court's jurisdiction is properly invoked by the filing of a lawsuit. In Scott v. Graham, 292 S.W.2d 324, 328 (Tex. 1956), for example, the Texas Supreme Court discussed the meaning of article V, section 8. The court pointed out that although the legislature had established procedures for appealing orders of commissioners courts relating to certain matters, the legislature had not established a procedure for invoking the general supervisory control of district courts over actions of commissioners court. The Texas Supreme Court stated, however, that it was well settled that an equitable proceeding brought

in district court for the purpose of reviewing an order of a commissioners court was within the power granted by article V, section 8. Id. See also County of Hays v. Alexander, 640 S.W.2d 73, 78 (Tex. App. - Austin 1982, no writ); Harris County v. Bassett, 139 S.W.2d 180, 182 (Tex. Civ. App. - Galveston 1940, writ ref'd).

A treatise on the Texas Constitution contains the following discussion of article V, section 8:

> Section 8 gives the district court 'appellate jurisdiction and general supervisory control' over the commissioners court. . . . [T]he 'control' phrase adds nothing. Indeed, in this provision the phrase 'general supervisory control' is demonstrably inaccurate because the district court does not have any kind of general control over commissioners courts; the courts have held that the district court may exercise its jurisdiction over commissioners courts only if a commissioners court has acted without legal authority or abused its discretion, and even then it may not review actions of the commissioners court unless a statute provides for such review or unless an independent equitable action is brought in the district court. (See Garcia v. State, 290 S.W.2d 555 (Tex. Civ. App. - San Antonio 1956, writ ref'd n.r.e.).) This principle was reaffirmed recently in Atlantic Richfield Co. v. Liberty-Danville Fresh Water Supply Dist. No. 1 (506 S.W.2d 931 (Tex. Civ. App. - Tyler 1974, no writ)).

1 G. Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis 415-16 (1977). We think that this treatise correctly interpreted the relevant case law and that a district court's "general supervisory control" over a commissioners court exists only when the district court's jurisdiction is properly invoked by the filing of a lawsuit.

## S U M M A R Y

A district court may exercise "general supervisory control" over the actions of a commissioners court only when a lawsuit is brought in district court seeking review of the commissioners court's actions.

Very truly yours,

JIM MATTOX
Attorney General of Texas

p. 3276

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General