### HARDY v. WERNETTE et ux.

#### No. 10259.

Court of Civil Appeals of Texas.
San Antonio.

March 3, 1938.

Rehearing Denied March 30, 1938.

Lee & Betts, of Austin, for appellant.

C. C. Wurzbach and J. L. Camp, both of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Mrs. Elizabeth Hardy, a feme sole, against August R. Wernette and his wife, Myrl Wernette, seeking to have a judgment theretofore rendered in a cause numbered B—83651, styled Ex parte Clarence Morris Wernette, and August R. and Myrl Wernette, Petitioners, set aside. The petition in cause No. B—83651 shows that the parents of Clarence Morris Wernette were drowned

on or about June 30, 1936; that at such time Clarence Morris Wernette, their minor child, was visiting in the home of his grandparents, August R. and Myrl Wernette, and that he has lived in their home since the death of his parents. That petition was filed in the district court of Bexar county, Thirty-Seventh judicial district, on July 18, 1936; on August 17, 1936, a decree was entered in said cause authorizing August R. and Myrl Wernette to adopt Clarence Morris Wernette, as prayed for in the petition. The trial court sustained a general demurrer to Mrs. Hardy's petition in the case at bar, and upon her refusal to amend dismissed the cause, and she has prosecuted this appeal.

It is appellant's contention that this decree is void because it does not show that the minor child resided in the home of August R. and Myrl Wernette more than six months before the decree of adoption was rendered and no good cause is shown why this requirement of the statute was not complied with. Section 3, of article 46a,. Vernon's Annotated Civil Statutes provides as follows: "No petition for the adoption of any minor child shall be granted until the child shall have lived for six months in the home of the petitioner; provided, that this requirement may be dispensed with upon good cause shown in the discretion of the Court, when the Court is satisfied that the home of the petitioner and the child are suited to each other."

It is seen from the above section of the statute that the law requires that the child reside in the home of the person seeking to adopt it for six months before a decree of adoption can properly be entered, unless the petition shows some good cause why this requirement should be dispensed with. Attached to appellant's petition herein is a copy of the petition and decree in cause No. B—83651. The petition does not allege any good cause for dispensing with the provision of section 3, above quoted, neither does the decree recite that the trial court found such good cause to exist. However, by the Acts of 1937, 45th Legislature, House Bill No. 1016, § 2, effective 90 days after May 22, 1937, said act being now shown as article 46b, Vernon's Revised Civil Statutes, the Legislature passed a validating act, in effect validating all attempts made in good faith to adopt children . in this state. Said act reads as follows:

"Art. 46b. *Validation of adoptions.*

"That all adoption papers which were signed by an adopting parent or parents, or natural parent or parents of a child, prior to January 1, A.D. 1919, and under the terms of which any child was attempted to be adopted, and all attempts made in good faith to effect an adoption of any child subsequent to January 1, A.D. 1919, and which failed of valid consummation through irregularities in the compliance with the then existing laws of this State, be and the same are hereby validated and made of binding force and effect, although said adoption papers were not properly signed and executed or authenticated or acknowledged as required for deeds, and were not, prior to the. death of the adopting parent or parents, or prior to the death or disappearance of the natural parent or parents, filed for record with the County Clerk of the adopting parent's or parents' residence."

In view of the above validating act the irregularity complained of by appellant in her petition with reference to the attempted adoption of the minor, Clarence Morris Wernette, became immaterial and the above act is sufficient to validate his adoption by his grandparents, August R. and Myrl Wernette.

The trial court , properly sustained appellees' general demurrer to appellant's. petition and properly dismissed the case.

Accordingly the judgment of the trial court will be affirmed.