MRS. ELIZABETH HARDY, GUARDIAN, V. AUGUST R. WERNETTE ET UX.

No. 7431. Decided January 3, 1940.
(134 S. W. 2d Series, 1032.)

*Lee & Betts,* of Austin, for plaintiff in error.

The decree of adoption is void because neither the petition nor the decree show that the minor child resided in the home of the Wernettes more than six months before the decree of adoption was rendered, as required by statute and no good cause is shown why the requirement of the statute was not complied with. Engleman v. Anderson, 244 S. W. 650.

*C. C. Wurzbach* and *J. L. Camp,* both of San Antonio, for defendants in error.

The allegations set forth in the petition for adoption of the child were sufficient to meet the requirements of the statute, making it unnecessary for the child to have resided in the home of the petitioners for six months prior to the granting of the decree of adoption. Kruegel v. Cobb, 124 S. W. 723; Mercer v. Campbell, 86 S. W. (2d) 811; Moon v. Weber, 103 S. W. (2d) 807.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

Alleging that on September 2, 1936, she was duly appointed by the County Court of Gonzales County as guardian of the person of her grandson, Clarence Morris Wernette, a child seven years of age, Mrs. Elizabeth Hardy, a feme sole, brought this suit on January 21, 1937, against August R. Wernette and his wife, Myrl Wernette, in the district court for the 37th district in Bexar County. The purpose of the suit is to annul a judgment rendered by said district court on August 17, 1936, authorizing August R. Wernette and his wife to adopt said child under the provisions of the Act of the 42d Legislature,

Reg. Sess. of 1931, page 300, chapter 177. The sections of this Act appear as sections of article 46a in vol. 1, Vernon's Annotated Civil Statutes, pp. 102 et seq. The trial court sustained a general demurrer to the plaintiff's petition and the case was dismissed by the trial court. Mrs. Hardy appealed, and the judgment of the trial court, sustaining the general demurrer and dismissing the case, was affirmed by the Court of Civil Appeals at San Antonio. 114 S. W. (2d) 951. Mrs. Hardy has been granted the writ of error.

The judgment of said district court which Mrs. Hardy seeks to have annulled reads as follows:

"No. B-83,651

| | |
|---|---|
| "Ex Parte Clarence Morris Wernette | In the District Court |
| and | of Bexar County, |
| August R. Wernette and Myrl Wernette | 37th Judicial District |
| Petitioners | of Texas |

"On this the 17th day of August, A. D. 1936, the time heretofore appointed by the Court, came on to be heard the petition of August R. Wernette and Myrl Wernette, for leave to aodpt Clarence Morris Wernette, a minor child, and came the petitioners in person and by their attorneys, and it appearing to the Court that a full written report has been filed herein by Lou Ella Hargis, a suitable person previously appointed by the Court to investigate the former environment and antecedents of said child, and for the purpose of ascertaining whether the child is a proper person for adoption, and also to investigate the home of the said petitioners aforesaid to determine whether it is a suitable and proper home for the said child, and it appearing to the Court from said report or from other evidence introduced herein, that the petitioners are husband and wife; that they are both adult residents of Bexar County, Texas and are of the Caucasian Race; that said child is a boy under fourteen years of age; that said child is a proper subject for adoption; that the home of the petitioners is a suitable home for the said child and that the said child has lived in the home of the petitioners since the loss of his parents as well as prior thereto.

"It is therefore ordered, adjudged and decreed that the said petitioners be and they, and each of them, are hereby given and granted leave to adopt the said child Clarence Morris Wernette in accordance with the laws of the State of Texas; that said adoption is hereby effected as of this date and that child shall from henceforth be deemed and held to be the child of said petitioners, and each of them, and entitled to proper education, support and maintenance, nurture and care from

them, and that said petitioners and each of them, shall be entitled to the services, control, custody and company of the said child, provided, however, that the rights of inheritance shall be such as given him under the Laws of the State of Texas, and that he shall retain his name as Clarence Morris Wernette.

"It is further ordered, adjudged and decreed that the petitioners shall pay all costs incurred herein, for which let execution issue."

The averments of the petition of August R. Wernette and wife, in said adoption proceeding, are duly verified as required by statute. Said petition reads as follows:

"Petition for Leave to Adopt Minor Child
No. B-83, 651

"Ex Parte Clarence Morris Wernette,      In the 37th Judicial
and August R. Myrl Wernette,             District Court of
Petitioners                              Bexar County, Texas

"To the Said Honorable Court:

"Now comes August R. Wernette and Myrl Wernette, hereinafter called petitioners, and file this their petition for leave to adopt a minor child, and in support thereof they and each of them allege and will show:

### First

That petitioners are husband and wife. That they are adult residents of the State of Texas and of the County of Bexar. That the minor child whom they seek leave to adopt is a boy, their grandson, about seven years of age, and his name is Clarence Morris Wernette.

### Second

That said child is a proper subject for adoption, in that he has no home, due to the death of his mother and father who were drowned on or about June 30th, 1936, on Sandy Creek, which is near Nixon, Texas, in Gonzales County.

### Third

"That just prior to and on the date of the death of said child's parents, he was visiting your petitioners and, since the death of said child's parents, he has lived and is now living with your petitioners.

### Fourth

"That, as hereinabove alleged, your petitioners are the paternal grandparents of said child, and petitioners' home is a suitable home for said child, in that your petitioners love said

child and they are willing and able to properly care for and rear him. And they will carry out any and all orders of this Court made in connection with this their petition for adoption.

### Fifth

"That said child and your petitioners are all white persons.

"Wherefore, your petitioners pray that this court cause an investigation to be made of the former environment and antecedents of said child for the purpose of ascertaining whether he is a proper subject for adoption, and of the home of your petitioners to determine whether their home is a suitable home for said child; that this court select a suitable person to make such investigation; that the court appoint a time and place for hearing this petition, which shall allow a reasonable time for said investigation, but not exceeding thirty days, and that upon a hearing hereof this court enter its order and judgment granting your petitioners leave to adopt said minor child; ordering that such adopting shall be effected and that said child shall thereafter be deemed and held to be the child of your petitioners as fully as though born to them in lawful wedlock, as provided by the laws of Texas; and that the name of said child remain as Clarence Morris Wernette; and for such other and further relief, in law and in equity, as your petitioners may be entitled to."

The above judgment of adoption and the petition in said adoption proceeding are alleged in the plaintiff's petition in the present suit. In the plaintiff's petition the following facts relevant to the contentions of Mrs. Hardy, hereinafter specifically stated, are also alleged. Clarence H. Wernette and Thula Rena Wernette were husband and wife. Mrs. Hardy was the mother of Thula Rena Wernette. Clarence H. and Thula Rena Wernette and three children—two girls and a boy; Clarence Morris Wernette, the latter being seven years of age. Mrs. Hardy owned a 51-acre farm on Sandy Creek, in Gonzales County, upon which she lived. On June 30, 1936, and prior to said date, Clarence H. Wernette with his family resided in another house on said farm and was using part of the farm for a chicken ranch for the purpose of making a living for himself and family. On June 21, 1936, the child, Clarence Morris Wernette, went to San Antonio to visit his father's father and mother, August R. Wernette and Myrl Wernette. On June 30, 1936, while the child was still on said visit, a flood occured in Sandy Creek and destroyed all the improvements on the 51-acre farm; and Clarence H. Wernette and his wife and two daughters were drowned. Mrs. Hardy, being

rendered homeless by the flood, went to her brother's home in Gonzales County and lived there until November 15, 1936, when she went to Austin where she established a home and has resided there ever since. On July 2, 1936, the third day after the flood had destroyed the home of Mrs. Hardy on the farm— and when she had no other home of her own,—it was orally agreed between Mrs. Hardy, on the one hand, and August R. Wernett and his wife, on the other hand, that the child, Clarence Morris Wernette, should remain at the home of Mr. and Mrs. Wernette, and under their care, until Mrs. Hardy "found a place to live, at which time the parties would, by mutual agreement, determine who should have the care and custody of said child, and what disposition should be made of him." In violation of this agreement, without any notice to Mrs. Hardy, August R. Wernette and his wife, on July 18, 1936, filed, in the 37th district court, their petition for the adoption of said child, set out above, and on August 17, 1936, without any previous notice to Mrs. Hardy, said court rendered the adoption judgment hereinabove set out. On September 2, 1936, Mrs. Hardy was appointed guardian of the person of said child by the county court of Gonzales County.

The propositions presented in the application for the writ of error, as grounds for the annulment of said adoption judgment, are, in substance:

First. That the district court for the 37th district did not have jurisdiction to render said adoption judgment for the reason that the petition in said adoption proceeding does not show that said child had lived in the home of the petitioners for six months and does not show "good cause "for dispensing with this statutory requirement.

Second. That said adoption judgment was obtained by fraud.

We shall take up the first of these propositions. The following provisions of the Act of 1931, which appear in Article 46a of Vernon's Annotated Civil Statutes, are relevant:

In section one it is provided: "Any adult resident of this State may petition the district court in the district of his residence * * * for leave to adopt a minor child; such petition shall set forth the facts relevant to petitioner and child. * * *"

Section 3 reads as follows:

"No petition for the adoption of any minor child shall be granted until the child shall have lived for six months in the

home of the petitioner; provided, that this requirement may be dispensed with upon good cause shown in the discretion of the Court, when the Court is satisfied that the home of the petitioner and the child are suited to each other."

■■ It is true, that the petition in the adoption proceeding here involved does not show that the child had lived in the home of the petitioners for six months. It is further true that the allegations of the plaintiff's petition in the present suit show that said child had lived there less than sixty days at the time the adoption judgment was rendered. The subject of dispute therefore narrows down to the provision of section 3 to the effect that the six months requirements, therein specified, "may be dispensed with upon good cause shown in the discretion of the court." We shall not pause to consider whether, in order to give the court jurisdiction to determine the existence of "good cause," the facts relied on as constituting "good cause" must be alleged in the petition for adoption. For the purposes of this discussion we shall take for granted that such allegations must be made. With this concession made, we turn to the petition in said adoption proceeding and find the following facts alleged therein, towit: That the petitioners were the grandparents of said child; that the parents of said child were drowned on or about June 30, 1936, and that said child had no home; that following the death of its parents, the child had lived with the petitioners and was living with them at the time said petition was filed. It is our opinion that these allegations were sufficient to invoke the jurisdiction of the court to determine whether the facts alleged constituted "good cause" for dispensing with the requirement that the child shall have lived in the home of the petitioners for six months before the petition should be granted. The very fact that the court rendered the judgment of adoption it did, implies a determination by the court that such facts constituted "good cause." That said fact existed, is virtually admitted by Mrs. Hardy, for the same facts appear from the allegations of her petition in the present suit.

We now take up the contention that said adoption judgment was obtained by fraud. The essential basis for this contention is the agreement made with Mrs. Hardy by August R. Wernette and wife, shortly after the flood, that the child should remain in charge of Mr. and Mrs. Wernette until Mrs. Hardy found a place to live when the parties "by mutual agreement" would determine who should have the care and custody of the child. The fact that this agreement was ignored by Mr. and Mrs.

Wernette, did not affect the validity of the adoption judgment. In the first place, Mrs. Hardy was not at that time the guardian of the person of said child, and in the next place it is not probable that if the court had been informed of such agreement the adoption judgment would not have been rendered as it was.

We conclude that the adoption judgment is valid. It, therefore, is unnecessary to consider whether the Court of Civil Appeals erred in holding that the Act of the 45th Legislature (1937), p. 1324, chapter 490, sec. 2, had effect to validate said adoption judgment.

The judgment of the trial court and that of the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court January 3, 1940.