W. A. LEE, Jr., et al., Appellants,

v.

Robert S. CALVERT, Comptroller of Public Accounts of Texas, et al., Appellees.

No. 10955.

Court of Civil Appeals of Texas.

Austin.

April 18, 1962.

Rehearing Denied May 9, 1962.

Lant, Savage, Counts & Winn, Dallas, Powell, Rauhut, McGinnis, Reavley & Lochridge, Larry E. Temple, Austin, for appellants.

Will Wilson, Atty. Gen., Marietta McGregor Payne, Asst. Atty. Gen., Austin, for appellees.

HUGHES, Justice.

This suit is brought for the recovery of inheritance taxes paid by, or for the account of, Marian Jean Dooley Lee under protest.[1]

The question to be determined is whether or not the taxpayer, Mrs. Lee, was the legally adopted daughter of Katherine Marie Dooley, decedent, at the time of her death and entitled to preferential classification as such under Art. 14.02, or was properly classified by the Comptroller under the more onerous classification prescribed by Art. 14.06, Taxation General, Vernon's Ann.Civ.St.

It is our opinion that Mrs. Lee was not the legally adopted daughter of decedent at the time of decedent's death, and that the classification made by the Comptroller, affirmed by the Trial Court, should be sustained.

The main facts were stipulated. We quote from the stipulation:

"Marian Jean Dooley Lee was placed in the home of Leslie B. Dooley and his wife, Katherine Marie Dooley on July 5, 1917, by the New York Foundling home and she remained with the Dooleys until the time of her marriage.

"2. After the customary period of probation of custody had expired, Marian Jean Dooley Lee was held out to be the adopted daughter and was in fact considered to be the adopted daughter of the said Katherine Marie Dooley and Leslie B. Dooley.

\* \* \* \* \* \*

"3. Prior to 1936 the Dooleys made no attempt to legally adopt Marian.

"4. Subsequently, it was called to the attention of the said Leslie B. Dooley and Katherine Marie Dooley that a child should be adopted by legal proceedings, and for that purpose, they went to a certain attorney who was a friend of theirs, to-wit, John F. Murphy, who was then a practicing lawyer in Dallas, Texas, and employed him to effectuate legally the adoption of said Marian Jean Dooley Lee. On the advice of the said attorney, the said Katherine Marie Dooley and Leslie B. Dooley executed on December 2, 1936, a Deed of Adoption, dated the day of execution, duly acknowledged before the said John F. Murphy, a notary public in Dallas County, Texas. The

---

1. Plaintiffs below were W. A. Lee, Jr., Leslie B. Dooley, and Katherine Whyte, Independent Executors (trix) of the will of Katherine Marie Dooley. Defendants were Robert S. Calvert, Comptroller of Public Accounts, Jesse James, Treasurer and Will Wilson, Attorney General, all of Texas, who were sued in their official capacities only.

Deed of Adoption was recorded and reads as follows:

" 'State of Texas   &#125;
County of Dallas

" 'That we, Leslie B. Dooley, and Katherine Marie Dooley of the State and County aforesaid, have by this instrument adopted Marian Jean (Dooley) a child of parents unkown to us, now twenty years of age (and who has continuously resided with us since July 5th, 1917) as our legal heir, hereby conferring on the said Marian Jean Dooley all the rights and privileges, both in law and equity, appertaining to this act of adoption for all purposes retroactive and to be effectual from the 5th day of July, 1917.

" 'WITNESS our hands at Dallas, Texas, this the 2nd day of December, 1936.

" 's/ Katherine Marie Dooley

" 's/ Leslie B. Dooley

" '[Acknowledgments]'

"5. Said Marian Jean Dooley Lee was and is considered by said Leslie B. Dooley and, during her lifetime, by the said Katherine Marie Dooley to be their adopted daughter, and both said Leslie B. Dooley and Katherine Marie Dooley thought that the final legal steps had been taken to adopt the said Marian Jean Dooley Lee in accordance with the requirements of law and that the said Marian Jean Dooley Lee had been adopted by them upon the filing of the said Deed of Adoption in the Deed Records of Dallas County, Texas, and had been assured by the said attorney, whom they had employed for that purpose that such adoption had been effected.

"6. In reliance upon the advice of their attorney that this action constituted a legal adoption by them of the said Marian Jean Dooley, the Dooleys, being laymen, believed that Marian Jean Dooley was their adopted daughter and had no reason to believe that any additional actions might be necessary to effect a valid adoption.

"7. Katherine Marie Dooley died testate March 14, 1956, and under the terms of her will, certain properties were devised by her to Marian Jean Dooley Lee and her children Lawrence Lee and Lana Lee.

"8. On February 20, 1959, in a suit in which Marian Jean Dooley Lee, joined by her husband, W. A. Lee, Jr., were plaintiffs, and Leslie B. Dooley and all of the heirs of Katherine Marie Dooley and Leslie B. Dooley were defendants, and in which neither the State of Texas nor any of the public officials who are defendants in this cause were parties, the 101st District Court of Dallas County, Texas, entered a Declaratory Judgment, a copy of which is immediately hereinafter set forth. This suit had been filed on December 11, 1958."

The judgment in this case is set out in full in the stipulation. It contains many findings of fact and conclusions of law. We do not quote these, but we do quote the declarations of law made by the Court in its judgment:

"A. That Question (1), to-wit: 'By their act of accepting custody beyond the probationary period of the said Marian Jean Dooley Lee from the New York Foundling Home for the purpose of adoption, were not Leslie B. Dooley and his wife legally obligated to adopt said child, and did not the said Marian Jean Dooley Lee have a legal right to be adopted?' be answered as follows: YES.

"B. That Question (2), to-wit: 'Was not Marian Jean Dooley Lee a proper subject for adoption on July 5, 1917 at the time she was placed in the home of Leslie B. Dooley and wife, and did not Leslie B. Dooley and his

said wife in legal effect adopt Marian Jean Dooley Lee by their act of accepting custody of the said Marian Jean Dooley Lee, in considering and treating her always as their adopted daughter, and in holding out to the world that she was in fact their adopted daughter?' be answered as follows: YES.

"C. That Question (3), to-wit: 'Did not Leslie B. Dooley and his said wife execute a deed of adoption on the 2nd day of December, 1936 and intend thereby to acknowledge validity of adoption of Marian Jean Dooley Lee as of the 5th day of July, 1917, the date of the placing of said child in said home and, was not said instrument filed of record in the Deed Records of Dallas County, Texas?' be answered as follows: YES.

"D. That Question (4), to-wit: 'Were not the adoption papers intended to be of the effect and were they not in fact of the effect that they were merely a confirmation of the previous act of adoption of Marian Jean Dooley Lee by Leslie B. Dooley and his said wife?' be answered as follows: YES.

"E. That Question (5), to-wit: 'Did not Leslie B. Dooley and his said wife intend to take into their family the said child, and give her the rights, privileges and duties of a child and heir, and did not said child in legal effect have the rights, privileges and duties of a child and heir?', be answered as follows: YES.

"F. That Question (6), to-wit: 'Has not the said child been considered in fact by all the heirs and next of kin of the said Leslie B. Dooley and his said wife, all of whom have been made parties to this suit, to be in legal effect the legally adopted daughter of Leslie B. Dooley and his said wife?', be answered as follows: YES.

"G. That Question (7), to-wit: 'Has not the plaintiff herein considered herself to be in legal effect the legally adopted daughter of Leslie B. Dooley and his said wife?', be answered as follows: YES.

"H. That Question (8), to-wit: 'Was not there an attempted compliance with the statute for adoption of said Marian Jean Dooley Lee?', be answered as follows: YES.

"I. That Question (9), to-wit: 'Was not the New York Foundling Home acting in loco parentis for Marian Jean Dooley Lee when it placed the child in the home of Leslie B. Dooley and his said wife?', be answered as follows: YES.

"J. That Question (10), to-wit: 'Was not the attempted compliance with the law for adoption and the agreement between Leslie B. Dooley and his said wife and the New York Foundling Home, and the holding out to the world by Leslie B. Dooley and his said wife that the said Marian Jean Dooley Lee was their adopted daughter, followed by reliance thereon and performance thereto by Marian Jean Dooley Lee?', be answered as follows: YES.

"K. That Question (11), to-wit: 'Would it not be inequitable and grossly unfair to Marian Jean Dooley Lee after having performed services and rendered affection to Leslie B. Dooley and his said wife, for the said Leslie B. Dooley and his said wife and their privies to deny the adoption of Marian Jean Dooley Lee and the status of Marian Jean Dooley Lee as their adopted daughter?', be answered as follows: YES.

"L. That Question (12), to-wit: 'Is Marian Jean Dooley Lee in legal effect the legally adopted child of Leslie B. Dooley and his said wife?', be answered as follows: YES."

Appellants' first point of error is that the Court erred in failing to hold that the 1937

Validating Act validated the 1936 attempted adoption of Marian Jean Dooley by Leslie B. and Katherine Marie Dooley.

The attempted 1936 adoption was by the execution and recording of the adoption deed dated December 2, 1936.

At this time, 1936, the only statutory or legal method provided for the adoption of persons was by judicial adoption under the provisions of Chapter 77, p. 300, 42nd Leg., Acts 1931. This Act expressly repealed Title 3 of the Revised Civil Statutes of Texas, Revision of 1925, which authorized adoption by deed.

The Validating Act of 1937, upon which appellants rely, reads:

"That all adoption papers which were signed by an adopting parent or parents, or natural parent or parents of a child, prior to January 1, A.D.1919, and under the terms of which any child was attempted to be adopted, and all attempts made in good faith to effect an adoption of any child subsequent to January 1, A.D.1919, and which failed of valid consummation through irregularities in the compliance with the then existing laws of this State, be and the same are hereby validated and made of binding force and effect, although said adoption papers were not properly signed and executed or authenticated or acknowledged as required for deeds, and were not, prior to the death of the adopting parent or parents, or prior to the death or disappearance of the natural parent or parents, filed for record with the County Clerk of the adopting parent's or parents' residence." Acts 45th Leg. p. 1324, Ch. 490, Sec. 2, Art. 46b, 1938 Supp. Vernon's Tex.Civ.Stat.

Appellants state that: "It should be immediately apparent from the very language of the 1937 Act that it was designed for and intended to encompass the very factual situation presented by this case." The only case they cite as being in point to sustain this view is Hardy v. Wernette, 114 S.W.2d 951, affirmed 134 Tex. 229, 134 S.W.2d 1032 (1938). We do not so consider that case. There suit was brought to annul an adoption judgment entered in 1936 in a judicial proceeding in the District Court of Bexar County because of certain irregularities in the proceedings. The Court of Civil Appeals held that the adoption judgment was validated by the Validating Act of 1937. The Supreme Court held the adoption to be regular and valid and, hence, did not need validating. Whether or not the 1937 Act applies to irregular judicial adoption proceedings we do not decide. There were no such proceedings here.

■ We are in complete accord with appellants that our adoption statutes and legislative acts validating adoptions should be given a liberal construction. This does not authorize us, however, to write a validating Act or to distort the plain language of the 1937 Act and apply it to attempted adoptions completely without its scope.

■ We hold that the 1937 Act does not apply to and does not validate an adoption deed executed in 1936 for the reason that it, the deed did not fail of "* * * valid consummation through irregularities in the compliance with the then existing laws of this State * * *."

The 1936 deed of adoption did not so fail because there was then no existing law with which such deed could comply. At such time the statutes authorizing adoption by deed had been repealed.

■ It is our opinion that the attempted adoption of Mrs. Lee by deed executed in 1936 did not constitute her a "legally adopted child" within the meaning of that term as used in Art. 14.02, supra. Calvert v. Johnston, 304 S.W.2d 394, Austin Civil Appeals, writ ref. N.R.E., 157 Tex. 590, 305 S.W.2d 778.

■ We are also of the opinion that appellants are not aided here by the declaratory judgment rendered by the District Court of Dallas County. That judgment,

we believe, was a mere advisory opinion which the courts are without jurisdiction to render. It was a non-adversary proceeding. There was no controversy, justiciable or otherwise, between the parties to it. We need cite only the recent case of California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780, to sustain this ruling.

The only parties, so far as this record discloses, who had a justiciable controversy at the time the Dallas judgment was rendered over the status of Mrs. Lee as a legally adopted child of decedent, was Mrs. Lee and the State of Texas. The State was not a party to the suit and is not prejudiced by the judgment therein rendered. The effect of the judgment as between the parties to it is not before us.

The judgment of the Trial Court is affirmed.

Affirmed.