**J. M. PARRISH et al., Appellants,**

v.

**J. O. PHILLIPS et al., Appellees.**

No. 14505.

Court of Civil Appeals of Texas.

Houston.

Feb. 3, 1966.

Rehearing Denied April 14, 1966.

Fulbright, Crooker, Freeman, Bates & Jaworski, Austin C. Wilson and Richard L. McGraw, Houston; Niemann & Babb, Charles Babb, Austin, of counsel, for appellants.

Fountain, Cox & Gaines, Joyce Cox and James A. Pakenham, Houston, for appellees.

COLEMAN, Justice.

This is a class action brought by the Texas Surveyors Association, and certain named Registered Public Surveyors as representing a class, naming as defendants the Texas Society of Professional Engineers, and certain named Registered Professional Engineers as representatives of a class, for a declaratory judgment interpreting Article 5282a, Vernon's Ann.R.C.S., providing for the licensing of public surveyors, and Article 3271a, providing for the licensing of

professional engineers, to determine whether or not Registered Professional Engineers are authorized to (1) establish boundary lines, (2) make plats of record, and (3) qualify as expert witnesses on land survey problems, without having first been licensed as a Registered Public Surveyor, and, further, to determine the validity of certain regulations adopted by Texas State Board of Registration for Public Surveyors.

The defendants filed an answer and cross-action for declaratory judgment asking that the court declare that (1) Art. 5282a, R.C.S., has no application to Registered Professional Engineers in the practice of their profession, including land surveying; (2) that the State Board of Registration for Public Surveyors has no power or authority to adopt any rule or regulation, the purpose or effect of which would be to require a registered professional engineer to register as a public land surveyor in order to practice public land surveying; and (3) that the oath of the registered professional engineer and the power of the Texas State Board of Registration for Professional Engineers provided by Section 22 of Article 3271a to revoke the registration of any engineer guilty of incompetency in the practice of professional engineering as a registered professional engineer constitute the regulation and discipline to which a registered professional engineer engaged in public land surveying is subject.

The judgment of the trial court provided:

"* * * ORDERED, ADJUDGED and DECREED that the practice of professional engineering within the meaning and intent of Article 3271a, Section 2, of the Revised Civil Statutes of Texas is the practice of the art and science by which the properties of matter are made useful to man in structures and machines, and that the practice of Engineering as authorized by law within the meaning of Article 5282a, Section 3(c), of the Revised Civil Statutes of Texas and Section 11 of said Article as it refers to the Engineering profession does not extend beyond those techniques shared with the surveying profession, namely those which are necessary to the Engineering profession in measuring areas and locating, marking and mapping the same for the purposes of construction, and do not extend to the practice of such techniques for the purposes set forth in Article 5282a, Section 2(b), aforesaid; * * *."

The judgment further decreed that the rules and regulations adopted by the State Board of Registration for Public Surveyors (at issue in the case) correctly interpreted the laws referred to therein and properly defined "the functions of the surveying and engineering fields to the extent the same are exclusive one of the other, and to the extent that techniques and procedures are and may be used in common by the aforesaid two professions for the purposes respectively served by each to the exclusion of the other." The judgment further ordered that the rules and regulations be sustained as lawful and correctly definitive of the matter to which they relate as between the aforesaid two professions.

The judgment then ordered that the decree shall be binding upon all persons licensed now or hereafter as either public surveyors or as professional engineers under existing laws of the State of Texas.

It will be noted that the State Board of Registration for Public Surveyors was not made a party to this suit. Art. 5282a established this Board of six members, all of whom are required to be surveyors actively engaged in the public practice of surveying for at least ten years immediately prior to their appointment to the Board. The Board is authorized by the Act to adopt all rules and regulations it deems necessary in administering the Act, and is charged with the duty of aiding in the enforcement of the provisions of the Act. The Act prohibits practicing, or offering to practice, the profession of public surveying in this State without being registered or exempted in accordance with the provisions of the Act, and provides criminal penalties for its violation. Any member of the Board is au-

thorized to present to a prosecuting officer complaints relating to violations of the Act, and the Board is authorized to assist in the trial of any cases involving alleged violations subject to the control of the prosecuting officers. The attorney general is designated as the legal advisor of the Board and required to render such assistance as may be necessary in enforcing the Act. The Act provides that local prosecuting officers are not relieved by this provision of any of their duties as provided by law.

The Board is authorized to adopt such rules and regulations it deems necessary to administer the Act or for the orderly conduct of its affairs. It appears that pursuant to this authority, and bearing in mind its duty to aid in the enforcement of the Act, the Board adopted rules and regulations defining in detail the services which could be performed for the public only by a licensed public surveyor. The rules then provided certain exceptions including one pertaining to registered professional engineers, reading as follows:

"c. Registered professional engineer when practicing his profession as authorized by law. The prohibitions of the Registered Public Surveyors Act of 1955 do not extend to engineers practicing the science of professional engineering as defined by the Act of 1937, Article 3271a, Vernon's Civil Statutes of Texas, when such activities involve measurement and land subdivision for the purpose of construction, when such activities do not involve the determination of boundary problems or other activities exclusively to be performed by Registered Public Surveyors, as such other activities are herein defined, though such activities involve techniques and instruments employed by surveyors in the practice of their science and art. The licensed activities of professional engineers are solely such as are necessary to and directed toward the prerogative of construction."

Section 3 of the Rules adopted by the Board reads as follows:

"In the event of the failure or refusal of any person to comply with the requirements of the Registered Public Surveyors Act of 1955, as interpreted by these rules, it shall be the duty of the Board to present a complaint to an appropriate prosecuting officer in accordance with Section 8 of said Act. This duty shall not, however, prevent in a proper case the institution and prosecution, by either the Board or any other interested organization or person, of an action in a Court of competent jurisdiction to restrain and enjoin the violation of any of the preceding rules."

Neither the Board, the Attorney General, nor any of the prosecuting officers of the State of Texas have been made parties to this suit. The office of the Attorney General issued an opinion August 9, 1960, addressed to the State Board for Registered Professional Engineers that registered professional engineers are not required to register as public surveyors under the provisions of Art. 5282a, R.C.S. Both appellants and appellees placed in issue the question of whether or not the law was properly interpreted by the Board, and appellants further requested adjudication of the power or authority of the Board to adopt rules, the effect of which would be to require a registered professional engineer to register as a public land surveyor in order to practice public surveying of land.

■ An adjudication of the power or authority of the Board to adopt the rules in question, and of the validity of the rules adopted, cannot properly be made in an action to which the Board is not a party. Town of Santa Rosa v. Johnson, Tex.Civ. App., 184 S.W.2d 340; Burnett v. Masonic Grand Chapter of Order of Eastern Star, Tex.Civ.App., 340 S.W.2d 81.

■ Insofar as determining the validity of the rules adopted by the State Board of Registration for Public Surveyors interpreting Art. 5282a in its application to registered professional engineers questions arise as to the justiciable interest of registered public

surveyors and their professional society. We question whether the surveyors have a protectable right, rather than a future or speculative right, to require registered professional engineers to register under the Act. The duty of enforcement is placed by the Act on the Board, and its employees, the Attorney General, and his assistants, and the local law enforcement officials. The object of the Act appears to have been to raise the standards of the surveying profession and to prevent the practice of surveying by unqualified persons. That the primary purpose of the Act is to promote the public interest rather than the economic interest of those practicing surveying is recognized by the parties to this cause. If any economic benefit will result to any particular registered public surveyor, or if any economic detriment will result to any particular registered professional engineer, it does not appear in the record. That a benefit or detriment will result to either of the professions depends on the contingency that a registered professional engineer, who is not competent to do land surveying, attempts to enter that field in violation of the code of ethics to which registered professional engineers are required to subscribe. The profession of engineering encompasses many fields of learning foreign to public land surveying. It appears that there is a division of opinion among those practicing in the field of civil engineering as to whether it is, or should be, a professional activity within their field. There is evidence that civil engineers, who were not competent, have engaged in boundary surveying in the past, and that the examination given registered professional engineers does not thoroughly test the applicant's knowledge of, and proficiency in, the field of boundary surveying. It might be reasoned that if the law is interpreted as set out in the rules and regulations promulgated by the Board, and is enforced, fees, which might otherwise be collected by registered professional engineers incompetent to perform boundary surveying, will be earned by surveyors belonging to the class represented by the plaintiffs in this action. It cannot be doubted that there is a serious and honest difference of opinion between the professions involved as to the proper interpretation to be given the exemption as to registered professional engineers contained in Art. 5282a. The differences are pinpointed by the rules and regulations issued by the Board in the face of the opinion of the Attorney General previously mentioned.

In United Services Life Ins. Co. v. Delaney, Tex., 396 S.W.2d 855, it was held that the courts of Texas lack jurisdiction to render advisory opinions. In its opinion the Court said: "Actually what we are called upon to do is to answer a question and not render a judgment." In a dissenting opinion Associate Justice Steakley stated: "Apparently the majority in its reliance upon Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933), is of the view that the giving of consequential relief is essential to an exercise of the judicial function and prerequisite to the existence of jurisdiction in a court to enter a declaratory judgment." He further stated: "This Court delineated the true advisory opinion situation in California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960), as one where an actual and real dispute was not before the court and a concrete case was not present; as a consequence, a judgment by the court would settle nothing and be binding on no one."

United Services Life Ins. Co. v. Delaney, supra, was instituted as a suit for declaratory judgment to determine the meaning of pertinent clauses in certain insurance contracts. A suit to recover on the insurance policy was held in the United States Circuit Court of Appeals, Fifth Circuit, 358 F.2d 714, under a stay order until a decision of the Supreme Court of Texas in a declaratory judgment action could be obtained. In this case the decision of the court appears to be based on the proposition that since any judgment rendered in the case could not be res adjudicata in the case pending in the U. S. Circuit Court of Appeals, the judg-

ment could not be enforced by the Supreme Court of Texas and would amount to an advisory opinion.

The Declaratory Judgment Act, Art. 2524-1, Sec. 11, reads:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the Statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard."

If this Court should determine that registered professional engineers are exempted from registration under Art. 5282a, we entertain serious doubts as to whether the judgment would settle the controversy, and could be enforced, since no one charged with the duty of enforcing the Act was made a party to the suit.

In McDonald, Texas Civil Practice, 1965 Revision of Vol. 1, § 2.05.1, the author states:

"Though a 'cause of action' in the sense of a claim upon which consequential relief may be granted is not essential to the maintenance of an action for declaratory judgment, there must exist a justiciable controversy. The court's inquiry as to this jurisdictional prerequisite cannot be foreclosed by a stipulation of the parties as to its existence. * * * 'There must be a protectable right, not a future or speculative right.' The court cannot be called upon to render advisory opinions on abstract, hypothetical, or moot questions. 'Unknown and undeveloped facts cannot be made the basis of a declaratory judgment.' And it will not be granted when the facts upon which the relief is sought are subject to mutation and change. * * * 'The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them.'

"The plaintiff, of course, must have a justiciable interest in the subject of the action. And the parties to be directly affected by the decision must be before the court. * * *

"Declaratory relief should be granted when parties have assumed conflicting, adverse positions respecting their legal or equitable rights or duties in reference to a subject matter in which each has an immediate interest, their dispute being concerned with an existing set of facts and the proceeding being such that it will culminate in a final judgment settling their legal relations and giving relief from their uncertainty, and res judicata in subsequent proceedings. Stated otherwise, 'there must be a concrete case touching the legal relations of parties having adverse legal interests and susceptible of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the alleged facts.' * * * 'Basically, the question in each case is whether the facts alleged, under all the circumstances show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' "

■ In view of these general principles, as well as the authorities hereinafter cited, we hold that the licensed public surveyors have not shown a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Orange Ind. School Dist. v. West Orange Ind. School Dist., Tex.Civ. App.1965, 390 S.W.2d 81, ref., n. r. e.; Texas State A.F.L.-C.I.O. v. Brown, Tex.

Civ.App.1964, 378 S.W.2d 917, ref., n. r. e.; Lee v. Calvert, Tex.Civ.App.1962, 356 S.W.2d 840, ref., n. r. e.; McKinney v. Blankenship, 1955, 154 Tex. 632, 282 S.W. 2d 691, 697; Cowan v. Cowan, Tex.Civ.App. 1952, 254 S.W.2d 862; Southern Traffic Bureau v. Thompson, Tex.Civ.App.1950, 232 S.W.2d 742, ref., n. r. e.; Parks v. Francis, Tex.Civ.App.1947, 202 S.W.2d 683; Anno. 71 A.L.R.2d 726 et seq.

■ If we are correct in our conclusion that the licensed public surveyors have no such justiciable, or legal, right as would authorize them to maintain this suit to, in effect, compel registered professional engineers to procure a license as a public surveyor before they at some future date, practice public surveying, it follows that there is a lack of the requisite adverse parties as to the registered professional engineers' cross-action. Cobb v. Harrington, 1945, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837; Railroad Commission v. Houston Natural Gas Corp., Tex.Civ.App.1945, 186 S.W.2d 117, ref., w. m.

In view of our disposition of this case, we find it unnecessary to discuss the complications arising from the fact that the violation of Art. 5282a constitutes a criminal offense, and are content to cite the following cases: State v. Parr, Tex.Cr.App., 293 S.W.2d 62; Harris County Tax Assessor-Collector v. Reed, Tex.Civ.App., 225 S.W.2d 586, rev. Texas Automotive Dealers Ass'n v. Harris County Tax Assessor-Collector, 149 Tex. 122, 229 S.W.2d 787; Malone v. City of Houston, Tex.Civ.App.1955, 278 S.W.2d 204, ref., n. r. e.; Law v. Texas Delivery Service, Inc., Tex.Civ.App.1960, 335 S.W.2d 653, ref., n. r. e.; Anno. 129 A.L.R. 751 et seq.

We note that in a case seeking to determine the validity of certain rules adopted by the Texas State Board of Examiners in Optometry, the Board was named as defendant. Texas State Board of Examiners in Optometry v. Carp., Tex.Sup.Ct. 1965, 388 S.W.2d 409.

The judgment of the trial court is reversed and the cause is dismissed for want of jurisdiction for lack of a justiciable interest between the parties.

Reversed and dismissed.