

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

July 20, 1951

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas     Opinion No. V-1211

Re: Evidence of ownership required
to accompany an initial applica-
tion for a certificate of title
for a new motor vehicle on the
effective date of House Bill 409,
Acts 52nd Leg., which amends
Article 1436-1, V.P.C., the Cer-
tificate of Title Act.

Dear Sir:

    You have requested the opinion of this office
with regard to what evidence of ownership will be re-
quired to accompany the initial application for a cer-
tificate of title for a motor vehicle in Texas on and
after the effective date of House Bill 409, Acts 52nd
Leg., 1951, which amends certain sections of Article
1436-1, V.P.C., known as the Certificate of Title Act.

    You state that in the past Texas citizens and
dealers have purchased many new vehicles upon which it
was not necessary to furnish a manufacturer's certif-
icate in connection with the issuance of a certificate
of title. Many of such vehicles are still in the pos-
session of dealers and no certificate of title has been
issued thereon. You then ask whether such vehicles
which are on hand with dealers as of the effective date
of House Bill 409 may be registered and titled under
present requirements or will they have to be titled un-
der the provisions of House Bill 409.

    House Bill 409 amends Sections 7, 8, and 9
of Article 1436-1, V.P.C., as follows:

    "Section 1. The Certificate of Title
Act of the State of Texas, being Acts, 1939,
Forty-sixth Legislature, Page 602, is here-
by amended by deleting therefrom Sections
7, 8, and 9, and substituting in lieu there-
of the following:

"'Section 7. The term "First Sale" means the bargain, sale, transfer, or delivery with intent to pass an interest therein, other than a lien, of a motor vehicle which has not been previously registered or licensed in this State or elsewhere; and such a bargain, sale, transfer or delivery, accompanied by registration or licensing of said vehicle in this State or elsewhere, shall constitute the first sale of said vehicle, irrespective of where such bargain, sale, transfer, or delivery occurred.

"'Section 8. The term "Subsequent Sale" means the bargain, sale, transfer, or delivery, with intent to pass an interest therein, other than a lien, of a motor vehicle which has been registered or licensed within this State or elsewhere, save and except when such vehicle is not required under law to be registered or licensed in this State; and any such bargain, sale, transfer, or delivery of a motor vehicle after same has been registered or licensed shall constitute a subsequent sale, irrespective of where such bargain, sale, transfer, or delivery occurred.

"'Section 9. The term "New Car" means a motor vehicle which has never been the subject of a first sale either within this State or elsewhere.'

"Sec. 2. If any section, subsection, or clause of this Act is for any reason held to be unconstitutional, such decision shall not thereby affect the validity of any of the remaining portions of this Act, and it is hereby declared that this Act would have been passed notwithstanding the absence of such portion hereof so declared unconstitutional.

"Sec. 3. All laws or parts of laws in conflict herewith are hereby repealed to the extent of such conflict.

"Sec. 4. The fact that hundreds of new motor vehicles are now being brought into the State of Texas as used cars, thereby endangering the title of such vehicles under the Certificate of Title Act and thereby rendering

uncertain the legal status of such vehicles, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and said Rule is hereby suspended, and that this Act shall be effective from and after the date of its passage, and it is so enacted."

Prior to the passage of House Bill 409, it was held in State Highway Department v. Texas Automotive Dealers Association, 239 S.W.2d 662 (Tex. Civ. App. 1951, error applied for), that as to motor vehicles purchased or otherwise acquired outside of the State of Texas, and imported into Texas for the purpose of resale in Texas, the bargain, sale, transfer, or delivery of the motor vehicle outside the State of Texas, prior to importation, transposed the legal status of such motor vehicle to that of a "used car," as then defined in Article 1436-1, V.P.C. Thereafter, upon resale being accomplished in Texas, since such motor vehicles were "used cars" regardless of the presence or absence of registration of such motor vehicles in Texas or elsewhere, the appropriate evidence of ownership to accompany an initial application for a certificate of title for such motor vehicles was held to be a properly accomplished importer's certificate and such additional evidence of title as the Highway Department might require to show good title and the mortgage condition pertaining to the motor vehicle. That procedure was expressly held as precluding the necessity for presenting a manufacturer's certificate.

House Bill 409 was signed by the Governor on May 23, 1951, and since it passed the Texas Senate by a viva voce vote, it becomes effective ninety days after the date of adjournment, which will be September 7, 1951. The bill is unquestionably pertinent to the construction of Article 1436-1 adopted in State Highway Department v. Texas Automotive Dealers Association, supra. Under the definition of a "first sale," as amended by House Bill 409, for a "first sale" to be consummated it must be accompanied by the initial registration or licensing of the motor vehicle, either in Texas or elsewhere. This, of course, was not true prior to the passage of House Bill 409.

Therefore, after the effective date of House Bill 409, an owner, as defined in Article 1436-1, may not buy or otherwise acquire a motor vehicle at a "first sale" as defined in the amended definition provided in House Bill 409, without presentation of a manufacturer's certificate as the evidence of ownership required under Section 28 to accompany the initial application for a certificate of title. This is true whether the motor vehicle was acquired in Texas or elsewhere. Possession of the motor vehicle by the seller prior to the effective date of House Bill 409 will not alter or change the application of House Bill 409, as the requirement of applying for a certificate of title under Article 1436-1 is occasioned by the sale or disposition of the motor vehicle (Sec. 27), the registration of the motor vehicle (Sec. 63(b)), or the operation of the motor vehicle (Sec. 63(c)).

Your request reveals the particular administrative problem which will arise after House Bill 409 becomes effective. A great number of automobile dealers have acquired previously unregistered and unoperated motor vehicles outside the State of Texas, in States under the laws of which manufacturer's certificates are not required to be furnished by manufacturers to their vendees. Those motor vehicles are resting on dealers' lots in Texas where they are exposed for sale or will soon be, and up until this time they were titled by the vendee who purchased the motor vehicle by presenting an importer's certificate and a bill of sale or an invoice. As to all of these motor vehicles, which are not previously titled or registered prior to the effective date of House Bill 409, they must be sold or disposed of prior to September 7, 1951, or beginning on that date it will be necessary to furnish a manufacturer's certificate with the initial application for a certificate of title.

We point out in this connection that although dealers are not <u>required</u> to secure certificates of title to motor vehicles which they have for sale /see <u>Texas Automotive Dealers Association v. Harris County Tax Assessor-Collector</u>, 229 S.W.2d 787 (Tex. Sup. 1950)/ there is nothing in the law which would prevent the dealers themselves from applying for titles prior to September 7, 1951, on all unregistered or unlicensed motor vehicles acquired outside of Texas and which are now on hand and will be affected by the provisions of

House Bill 409. Under the decision in State Highway Department v. Texas Automotive Dealers Association, supra, dealers may title such vehicles upon the presentation of an importer's certificate and an invoice or a bill of sale, prior to September 7, 1951.

The foregoing observations also apply to motor vehicles in the hands of individuals, but there should be no substantial administrative difficulty as to individuals because individuals normally import registered vehicles. After the effective date of House Bill 409, all motor vehicles which are registered, in Texas or elsewhere, are used motor vehicles within the incidence of Section 29 of Article 1436-1, V.P.C., and a manufacturer's certificate is not required to accompany a title application for a used motor vehicle.

## SUMMARY

House Bill 409, Acts 52nd Leg., R.S. 1951, amending Sections 7, 8, and 9 of the Certificate of Title Law (Art. 1436-1, V.P.C.) becomes effective ninety days after adjournment of the Legislature, or September 7, 1951. Its provisions with respect to "first sale," "subsequent sale" and "new car" as those terms are therein defined are applicable to, and must be complied with after its effective date, in the issuance of a certificate of title on a motor vehicle brought into Texas prior to the effective date of the Act but upon which no certificate of title had been issued.

APPROVED:

Ned McDaniel
State Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant


Yours very truly,

PRICE DANIEL
Attorney General

By Dean J. Capp
        Assistant

DJC:jmc