**20**

David SALINAS, d/b/a Acme Body
Shop, Appellant,

v.

Joe LEVRIE et al., Appellees.

No. 15919.

Court of Civil Appeals of Texas,
San Antonio.

June 21, 1978.

Peter Torres, Jr., San Antonio, for appellant.

William R. Lozano, San Antonio, for appellees.

CADENA, Chief Justice.

Defendant, David Salinas, d/b/a Acme Body Shop, appeals from a judgment, following a nonjury trial, awarding plaintiffs, Joe Levrie, and Dean & Company, a corporation, judgment in the amount of $2,220.00 for conversion of an automobile, plus $1,000.00 as attorney's fees.

Prior to June 24, 1975, Levrie purchased a Chevrolet Suburban motor vehicle, the rear end of which had been damaged. Dean & Company advanced the money which Levrie used to purchase the car and asserts a security interest in the vehicle.

Levrie, a dealer in used cars, purchased the vehicle in question in Pleasanton, Texas, following negotiations with a Chevrolet dealer in that city. The owner of the vehicle, Raul Nunez, endorsed the certificate of title to Levrie, who delivered it to Dean & Company. Levrie did not obtain a certificate of title showing him to be the owner of the vehicle and naming Dean & Company as a lienholder.

On or about June 24, 1975, Levrie also owned another Chevrolet Suburban vehicle which apparently, had suffered damage to the front end. It was Levrie's plan to do a "clip job," using the undamaged rear end of the one vehicle and the undamaged front end of the vehicle in question and welding the two undamaged portions together to form one Suburban vehicle. It is undisputed that Levrie and Salinas entered into a contract according to which Salinas was to do the required work for $450.00. According to Levrie, the agreement was to the effect that Salinas was to do not only the "clip job" but also to do the necessary painting and return the vehicle to Levrie in "running order." Salinas testified that his only contractual obligation was to do the "clip job."

Levrie delivered the two damaged vehicles to the body shop operated by Salinas. According to Levrie, Salinas never completed all of the work which he had undertaken to perform, since Salinas had merely joined

the two undamaged portions of the vehicles together. Salinas testified that he had done all that was required of him under the agreement and that when he had completed such work he notified Levrie to pick up the vehicle, but that Levrie refused to do so, leaving the car on the premises owned by Salinas, and refusing to pay, until about a year after Salinas had completed the work.

Levrie testified that, although Salinas had failed to perform fully his obligations under the contract, Levrie had found a customer who was willing to purchase the car; when Levrie attempted to pick up the vehicle, offering to pay Salinas the $450.00 in cash, Salinas refused to deliver the vehicle unless Levrie paid storage fees in the amount of $3.00 per day. Both Levrie and Dean & Company refused to pay storage fees.

In answer to the suit for conversion, Salinas alleged that he had foreclosed his mechanic's lien because of Levrie's failure to pay the $450.00 representing the cost of the repairs and also foreclosed his warehouseman's lien based on Levrie's failure to pay storage fees in the sum of $900.00. Salinas acquired a certificate of title showing Acme Body Shop as the owner of the vehicle.

There is evidence to the effect that Levrie and Salinas had dealt with each other on prior occasions and that Salinas had never charged storage fees although, according to Salinas, Levrie habitually failed to pick up the vehicles on which Salinas had worked at the time that they were ready. The evidence shows that Salinas kept the vehicle outdoors behind his building.

The trial court filed no findings of fact.

In his first point of error, Salinas urges that the trial court erred in overruling his "motion for instructed verdict" because "there was sufficient evidence to substantiate a directed verdict for" Salinas.

At the conclusion of plaintiff's testimony, Salinas orally moved for a "directed verdict" as against Dean & Company because lack "of compliance of [sic] Article 6687-1 of our Civil Statutes and particularly in those provisions, Judge, which calls [sic] for

a certificate of title being applied for, has no exceptions to dealers that I can see and the Statute says further in Section 51, 'It shall hereafter be unlawful for a person, * * * either by himself or through any agent, to offer for sale or to sell or offer security for any obligation, any motor vehicle * * * without then and there having in his possession the proper receipt of or certificate of title covering the motor vehicle so offered * * *.'" Subsequently, in presenting the motion, counsel for Salinas also included the claim of Levrie in his motion for "directed verdict."

In support of his first point, Salinas argues only that his mechanic's lien is superior to any lien which might be asserted by Dean & Company. A review of the evidence which had been introduced at the time Salinas made his motion "for directed verdict" precludes the conclusion that, at that point, it had been established, as a matter of law, that Salinas had a lien of any nature which could be given priority to the lien asserted by Dean & Company. Defendant's first point, raising as it does, the sole question that, at the conclusion of plaintiff's evidence, defendant was entitled to judgment as a matter of law, must be overruled.

In his second point, Salinas urges that the evidence was legally and factually insufficient to support the judgment in favor of plaintiffs. Part of this argument rests on the theory that Salinas was entitled to a mechanic's lien on the vehicle in question. The evidence was sharply conflicting on the question of whether Salinas had performed the work called for under his contract with Levrie. In the absence of findings of fact, we must presume that the trial court made all findings which find support in the evidence and which are necessary to support its judgment. *Eaton v. Husted*, 141 Tex. 349, 172 S.W.2d 493 (1943). The evidence in this case is clearly sufficient to support the implied finding that Salinas did not perform the work called for by the contract. The question of substantial performance by Salinas is not in the case.

In *Texas Automotive Dealers Ass'n, Inc. v. Harris County Tax Assessor-Collector*, 149 Tex. 122, 229 S.W.2d 787, 790 (1950), our Supreme Court said that the proper evidence of title for a dealer with a dealer's license may be a certificate of title or license not in his name except by endorsement. Here, Levrie was a dealer and since he paid for the vehicle in question with money furnished by Dean & Company and had taken the certificate of title from Nunez by endorsement and turned it over to Dean & Company, title to the vehicle in question was in Levrie, with a lien in favor of Dean & Company. *First National Bank in Big Spring v. Conner*, 320 S.W.2d 391, 392 (Tex.Civ.App.—Amarillo 1959, writ ref'd n. r. e.).

Since the evidence·is sufficient to support a finding of title in Levrie and a security interest in favor of Dean & Company, and since, under the evidence, the trial court was justified in concluding that Salinas had not done the work called for by the contract and, therefore, was not entitled to a lien, the judgment in favor of Levrie and Dean & Company must be affirmed.

There is evidence to the effect that the reasonable market value of the vehicle in question was $3,000.00 and that the reasonable value of the services rendered by attorney for plaintiffs was $1,250.00. The judgment, based on a finding that the value of the vehicle was $2,220.00 and that the reasonable value of services rendered by plaintiff's attorney was $1,000.00, is supported by the evidence. Defendant did not, in his pleadings, seek to recover for the reasonable value of the services performed by him, nor is there any evidence relating to the value of such services.

The judgment of the trial court is affirmed.