**DRAKE INSURANCE COMPANY, LTD., Appellant,**

v.

**Tommy Paul KING et al., Appellees.**

**No. 5374.**

Court of Civil Appeals of Texas, Eastland.

Oct. 18, 1979.

Rehearing Denied Nov. 15, 1979.

David Stubbeman, Abilene, for appellant.

Malcolm C. Schulz, Abilene, Virgil T. Seaberry, Jr., Emory Walton, Eastland, for appellees.

RALEIGH BROWN, Justice.

This is a suit to determine the ownership of a 1973 GMC truck-tractor. The State of Texas filed an "Inventory of Property Seized" under Tex.Rev.Civ.Stat.Ann. art. 6687–1, and the truck was delivered into the possession of the State pending the determination of the rightful owner. Drake Insurance Company, Ltd., Jonah Finley and Tommy P. King intervened and claimed ownership or an interest in the vehicle. After a nonjury trial, judgment was entered awarding $2,000 to Drake Insurance and the truck to King. Drake Insurance Company, Ltd. appeals. King conditionally appeals in the event the cause is reversed and rendered for Drake. We reverse and render in part and affirm in part.

In March, 1977, Richard League was in possession of the truck. The truck broke down and Finley made some patchwork repairs on it. League paid for the work and left with the truck. The truck immediately broke down and was towed back to Finley's garage where it was stored at League's request until July 6, 1977. On that day, League sold the truck to Finley for $2,000 and delivered to him an Indiana certificate of title which purported to cover the truck. Finley testified that such certificate was taken to the Eastland County Tax Collector who stated that the Indiana certificate would support the issuance of a new Texas certificate to Finley.

Finley then made repairs to the truck which amounted to a fair market value of $10,560.63. On August 24, 1977, Finley sold the truck to King for a total purchase price of $14,254.37. In October, 1977, the State seized the truck as an alleged stolen vehicle.

During the trial of the instant cause, Drake Insurance produced a copy of a certificate of title showing that a certificate of title to such truck was issued to Drake by authorities of the Commonwealth of Virginia on April 10, 1978. Drake originally pleaded that its claim of title came from League, although its subsequent pleading claimed title from Rento, Inc.

The trial court made the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On or about March 15, 1977 and until July 6, 1977, Richard League was the owner and was in possession of the vehicle in question.

2. Richard League caused such vehicle to be stored with defendant Jonah Finley from March 15, 1977 to July 6, 1977.

3. The reasonable storage charges on such vehicle in Eastland County, Texas from March 15, 1977 to July 6, 1977 was $565.00.

4. On July 6, 1977 defendant Jonah Finley in good faith and for valuable consideration ($2,000.00) purchased such vehicle from Richard League in the usual course of business.

5. The fair market value in Eastland County, Texas on July 6, 1977 was $2,000.00.

6. Defendant Jonah Finley received from Richard League a certificate of title and a transfer thereof purporting to cover the vehicle in question.

7. Before paying Richard League for such vehicle, defendant Jonah Finley, through an employee, ascertained from the Eastland County tax collector that such certificate of title and the transfer thereof would entitle such defendant to be issued a Texas certificate of title to such vehicle, but the State of Texas thereafter refused to issue a Texas certificate of title to such vehicle based on such transfer.

8. After July 6, 1977 and prior to August 24, 1977, defendant Jonah Finley in good faith made repairs to such vehicle of a reasonable market value in Eastland County, Texas of $10,560.63.

9. After such repairs and on and prior to August 24, 1977 such vehicle had a fair market value in Eastland County, Texas of $12,000.00

10. On August 24, 1977, defendant Jonah Finley sold such vehicle to intervenor Tommy P. King for $12,000.00, of which $8,500.00 has been paid in cash and $3,500.00 was represented by the fair market value in Eastland County, Texas of another vehicle traded in by Tommy P. King.

11. At the time of the sale to Tommy P. King, defendant Finley, reasonably and in good faith and using reasonable care to avoid error, believed that defendant had good title to the vehicle in question and the right to sell same to Tommy P. King, and such sale was made reasonably and in good faith.

12. On or about October 10, 1977 the State of Texas seized the vehicle in question.

13. Since October 10, 1977 to date of trial such vehicle has been stored with defendant Jonah Finley.

14. The fair and reasonable storage charge on such vehicle from October 10, 1977 to date of trial was $5.00 per day.

15. Defendant Jonah Finley secured for use of intervenor Tommy P. King another substitute vehicle which has been used by or available for use by such intervenor from October 17, 1977 to date of trial.

16. Intervenor Tommy P. King has sustained no loss to date of trial by reason of the seizure of the vehicle in question and his inability to use such vehicle during such time.

17. The fair and reasonable rental value of the vehicle in question and of the substitute vehicle in Eastland County, Texas from August 24, 1977 to January 16, 1978 was $11,350.00, and such rental value of the substitute vehicle after January 16, 1978 was $70.00 per day.

18. Wrecker service for the vehicle in question was provided by defendant Jonah Finley at the request of Richard League prior to July 7, 1977 of a fair and reasonable value in Eastland County, Texas of $353.00.

19. The vehicle in question, prior to July 7, 1977 and to the good faith repairs effected by defendant Jonah Finley, was not operable as a vehicle, such good faith repairs being necessary to make such vehicle operable.

20. The fair market value of the vehicle in question in Eastland County, Texas has been enhanced $10,000.00 by the good faith repairs effected by defendant Jonah Finley.

21. On April 10, 1978 a title certificate to the vehicle in question was issued by the Division of Motor Vehicles of the Commonwealth of Virginia to intervenor the Drake Insurance Company, Ltd.; whatever interest such intervenor had in such vehicle was acquired from Richard League.

22. At the time of the sale to defendant Finley on July 6, 1977, title to the vehicle in question was in Richard League and was not in intervenor The Drake Insurance Company, Ltd.

23. No voluntary delivery of the vehicle in question was made by defendant Finley after his repairs thereto to Richard League or to intervenor The Drake Insurance Company, Ltd.

## CONCLUSIONS OF LAW

1. Title to possession of the vehicle in question being in Richard League on July 6, 1977, he had the right to sell same to defendant Jonah Finley.

2. Intervenor The Drake Insurance Company, Ltd., having acquired whatever rights it did in such vehicle from Richard League, is entitled to no more rights therein than Richard League was.

3. Defendant Finley was a bona fide, good faith, innocent purchaser for value of the vehicle in question.

4. Under both the doctrines of accession and of unjust enrichment, intervenor The Drake Insurance Company, Ltd. would not be entitled to recover title to the vehicle in question, defendant Finley having made good faith repairs thereto increasing the value thereof from $2,000.00 to $12,000.00 after possession thereof was delivered to him and prior to the time he had reason to doubt the validity of the sale of July 6, 1977, the maximum recov-

ery allowable to such intervenor being the value of the vehicle as of July 6, 1977.

5. If intervenor The Drake Insurance Company, Ltd. were to recover title to the vehicle in question, defendant Finley would be entitled to recover the value which his good faith repairs added to the vehicle after July 6, 1977 and the reasonable value of his wrecker and storage charges, for which such defendant would have a lien on such vehicle under the statutes and under the constitution of the State of Texas.

6. Intervenor Tommy P. King having acquired title to such vehicle from defendant Finley, no judgment should be rendered in his favor against such defendant.

7. Had defendant Finley not been able to prevail against intervenor The Drake Insurance Company, Ltd., intervenor King would be entitled to no judgment against defendant Finley, the fair rental values of the vehicle in question and of the substitute vehicle furnished by defendant and used and available for use by intervenor King exceeding the $12,000.00 purchase price of the vehicle in question.

8. Were intervenor King entitled to any damages from defendant Finley, same should not be trebled because defendant acted reasonably and in good faith in making the sale to such intervenor, using reasonable procedures to avoid error.

9. Were intervenor King entitled to any damages from defendant Finley, no attorney's fees would be allowable to such intervenor, the evidence being insufficient to fix the reasonable amount for same.

Drake contends there is no evidence to support the following findings of fact and that such findings are against the preponderance of the evidence.

A. That League was the owner of the vehicle in question.

B. That Finley in good faith purchased the vehicle from League in the usual course of business.

C. That Finley received from League a certificate of title and a transfer

thereof purporting to cover the vehicle in question.

D. That Finley believed in good faith he had good title.

E. That appellant Drake Insurance Company, Ltd., acquired its interest from Richard League.

F. That title to the vehicle was in League.

■ In considering "no evidence" challenges, we must apply the rule as stated in *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299 (Tex.1963):

In determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary.

Applying this rule, Drake's "no evidence" challenges are overruled.

■ We have considered the entire record and hold such findings are not against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Drake urges that the trial court erred in not awarding the vehicle to it.

■ For its claim of ownership, Drake relies on a certificate of title dated April 10, 1978 which shows that on such date Drake was issued a certificate of title to the truck by the authorities of the Commonwealth of Virginia.

The court in *Minter v. Joplin*, 535 S.W.2d 737 (Tex.Civ.App.—Amarillo 1976, no writ) said:

The name on the certificate of title is not conclusive of ownership. Evidence of the name in which an automobile is registered raises only "an administrative presumption" of ownership which is not evidence of ownership, and "which vanishes when positive evidence to the contrary is introduced." *Pioneer Mutual Compensation Company v. Diaz*, 142 Tex. 184, 177 S.W.2d 202, 204 (1944); *Empire Gas & Fuel Co. v. Muegge*, 135 Tex. 520, 143 S.W.2d 763 (1940). See also *Strickland*

*Transportation Co. v. Ingram*, 403 S.W.2d 192, 194 (Tex.Civ.App.—Texarkana 1966, writ dism'd).

League had possession of the truck in March, 1977 when it was stored with Finley. League's possession continued until he sold the truck to Finley on July 6, 1977. The trial court found that League was the owner of the truck, and that Finley was a good faith purchaser of same.

Drake further argues that the sale from League to Finley was void because it was in violation of the Texas Certificate of Title Act, Tex.Rev.Civ.Stat.Ann. art. 6687–1. We disagree.

Section 30(b) of the Act provides:

Before any motor vehicle brought into this State by any person, other than a manufacturer or importer, and which is required to be registered or licensed within this State, can be bargained, sold, transferred, or delivered with intent to pass any interest therein or encumber by any lien, application on form to be prescribed by the Department must be made to the designated agent of the county wherein the transaction is to take place for a certificate of title . . . . .

Tex.Rev.Civ.Stat.Ann. arts. 6675a–2 and 6675a–13 defines vehicles required to be registered or licensed within this state as those which are "used or to be used upon the public highways of this state." The undisputed evidence in this case shows that Finley, a licensed dealer, bought this vehicle for the purpose of resale and not for use on the highways. We therefore hold that Finley was not required to comply with Section 30 of the Certificate of Title Act. *Texas Automotive Dealers Ass'n v. Harris County Tax Assessor-Collector*, 149 Tex. 122, 229 S.W.2d 787 (1950); *Motor Inv. Co. v. Knox City*, 141 Tex. 530, 174 S.W.2d 482 (1943).

We have considered and overrule all points of error presented by Drake.

By cross-point, Finley contends that the trial court erred in awarding Drake the fair market value of the vehicle, $2,000. We agree.

Since League was the owner of the vehicle at the time of the sale to Finley and since the sale was a valid sale, Drake would not be entitled to any recovery against Finley.

That portion of the judgment of the trial court which provided that Drake Insurance Company, Ltd., recover $2,000 against Finley is reversed and rendered that Drake take nothing as against Jonah Finley. In all other respects, the judgment is affirmed.

DICKENSON, J., not participating.